THE STATE OF OHIO, APPELLEE, *v.* FRANCIS, APPELLANT.

[Cite as *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894.]

(No. 2003–1767—Submitted June 9, 2004—Decided December 22, 2004.)

ALICE ROBIE RESNICK, J.

{¶ 1} This appeal involves R.C. 2943.031, which supplies the language a trial court accepting a plea of guilty or no contest is to use to warn a noncitizen criminal defendant of the possible consequences (deportation, exclusion, or denial of naturalization) of a criminal conviction. Specifically, we consider what standards to apply in ruling on a motion to withdraw a guilty plea based on alleged failure to comply with the statute.

I

Facts and Case History

{¶ 2} Appellant Andrea Marie Francis was indicted in 1993 on one count of theft and one count of trafficking in food stamps. In March 1993, under a plea agreement, she pleaded guilty to grand theft, a fourth-degree felony, and the second count was nolled. The trial court sentenced appellant to one year of incarceration, suspended the sentence, placed appellant on probation, and ordered restitution. Appellant did not appeal and, apparently, satisfactorily completed her probation.

{¶ 3} On August 7, 2002, appellant moved the trial court under R.C. 2943.031 to vacate her guilty plea, basing her motion on the trial court's alleged failure at the time it accepted her plea to comply with that statute's requirement to warn her of the possible consequences of a criminal conviction to a noncitizen of the United States. Appellant through her motion claimed that, because of her conviction, she was "statutorily ineligible" to become a United States citizen. She further asserted that the warning was a mandatory requirement for accepting a guilty plea and that, under R.C. 2943.031(D), the trial court now was required to allow her to withdraw her plea because the specific warning had not been given.

{¶ 4} At appellant's 1993 plea hearing, the following exchange occurred:

{¶ 5} "THE COURT: Where were you born?

{¶ 6} " * * *

{¶ 7} "THE DEFENDANT: Jamaica.

{¶ 8} "THE COURT: Are you a citizen?

{¶ 9} "THE DEFENDANT: No. I'm trying to become one.

{¶ 10} "THE COURT: Do you understand that if you enter a guilty plea to the felony that it would affect your rights in this country?

{¶ 11} "THE DEFENDANT: Yes.

{¶ 12} "THE COURT: Have you gone over that with your lawyer?

{¶ 13} "THE DEFENDANT: Yes."

{¶ 14} This conversation was the only discussion the trial court had in 1993 with appellant regarding the guilty plea's effect on her rights as a noncitizen. The trial court did not give the R.C. 2943.031(A) warning verbatim. After this exchange, the trial court explained to appellant the rights she was waiving pursuant to Crim.R. 11 by pleading guilty, received appellant's acknowledgement that she understood the rights she was waiving, and accepted the plea.

{¶ 15} In December 2002, the trial court denied appellant's R.C. 2943.031 motion through a journal entry that gave no explanation. The trial court did not hold a hearing on the motion.

{¶ 16} The Eighth District Court of Appeals affirmed, focusing on the fact that appellant had filed her R.C. 2943.031 motion to withdraw her guilty plea more than nine years after she had entered her guilty plea. Following its earlier decision of *State v. Tabbaa,* 151 Ohio App.3d 353, 2003-Ohio-299, 784 N.E.2d 143, the court of appeals stated that an unreasonable delay in filing an R.C. 2943.031 motion weighs against granting the motion. The court of appeals held that because appellant waited more than nine years to file her motion, it was untimely as a matter of law and was therefore properly denied. In light of its holding on the timeliness of appellant's motion, the court of appeals declined to consider appellant's contention that the trial court's failure to recite verbatim the language of R.C. 2943.031(A) at her 1993 plea hearing entitled her, as a matter of law, to withdraw her plea under R.C. 2943.031(D).

## II

## R.C. 2943.031

{¶ 17} R.C. 2943.031(A), effective October 2, 1989, sets forth the required warning (referred to as an "advisement") as follows:

{¶ 18} "(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

{¶ 19} " 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.' "

{¶ 20} By the unambiguous terms of R.C. 2943.031, a trial court accepting a guilty or no-contest plea from a defendant who is not a citizen of the United States must give verbatim the warning set forth in R.C. 2943.031(A), informing the defendant that conviction of the offense for which the plea is entered "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Furthermore, to ensure compliance with the statute, a trial court accepting a plea should never assume that any defendant is a United States citizen but must give the R.C. 2943.031(A) warning verbatim to *every* criminal defendant (other than certain defendants pleading to a minor misdemeanor) unless a defendant affirmatively has indicated either in writing or orally on the record that he or she is a citizen of the United States. R.C. 2943.031(B). This practice also precludes a defendant who later reveals that he or she was not a citizen at the time of the plea from invoking R.C. 2943.031(D) as grounds for withdrawing the plea.

{¶ 21} R.C. 2943.031(D) details the consequences of a trial court's failure to comply with R.C. 2943.031(A):

{¶ 22} "Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty * * * and enter a plea of not guilty * * * if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

{¶ 23} Furthermore, R.C. 2943.031(E) provides:

{¶ 24} "In the absence of a record that the court provided the advisement described in division (A) of this section and if the advisement is required by that division, the defendant shall be presumed not to have received the advisement."

{¶ 25} Along with Ohio, at least 17 states and the District of Columbia require through statute or court rule that trial judges advise criminal defendants entering into plea agreements of the immigration-related consequences of the plea. See *Immigration & Naturalization Serv. v. St. Cyr* (2001), 533 U.S. 289, 322, 121 S.Ct. 2271, 150 L.Ed.2d 347, fn. 48. Federal judges have no comparable statute or rule to follow in accepting pleas from noncitizen defendants. In the federal courts, as well as in the courts of those states that have no applicable statute or rule, a noncitizen's plea is generally not deemed involuntary solely because of the defendant's ignorance of the immigration-related collateral consequences. See *United States v. Russell* (C.A.D.C.1982), 686 F.2d 35, 41–42 ("although [federal district courts] are not required to explain the possibility of deportation to alien

defendants before accepting a plea under Rule 11, nothing prohibits them from doing so"); *State v. Ramirez* (Iowa 2001), 636 N.W.2d 740, 742–743 (stating that Iowa has no statute or rule mandating that courts inform noncitizen defendants of immigration-related consequences of a plea and agreeing with state and federal cases that hold that when accepting a plea, a "court is not required by due process to ascertain the defendant's understanding of possible deportation consequences").

{¶ 26} In most circumstances, motions to withdraw guilty or no-contest pleas are subject to the standards of Crim.R. 32.1, which requires that after sentencing has occurred, a defendant must demonstrate "manifest injustice" before a trial court should permit withdrawal of the plea. However, an examination of R.C. 2943.031 in its entirety makes apparent the General Assembly's intent to free a noncitizen criminal defendant from the "manifest injustice" requirement of Crim.R. 32.1 and to substitute R.C. 2943.031(D)'s standards in its place. The General Assembly has apparently determined that due to the serious consequences of a criminal conviction on a noncitizen's status in this country, a trial court should give the R.C. 2943.031(A) warning and that failure to do so should not be subject to the manifest-injustice standard even if sentencing has already occurred.

{¶ 27} In light of the above, we must agree with those courts that have determined that, through R.C. 2943.031, the General Assembly has created a substantive statutory right for certain criminal defendants and that this right therefore prevails over the general procedural provisions of Crim.R. 32.1. See, e.g., *State v. Yanez*, 150 Ohio App.3d 510, 2002-Ohio-7076, 782 N.E.2d 146, ¶ 15–17.

{¶ 28} Crim.R. 11(C) details the steps a trial court must follow before accepting a plea of guilty or no contest in a felony case. The overall goals expressed in Crim.R. 11(C)(2) are to ensure that "the defendant is making the plea voluntarily," understands "the nature of the charges" and "the maximum penalty" that may ensue, understands "the effect of the plea," and understands the rights that he or she is waiving.

{¶ 29} Within that framework, Crim.R. 11(C)(2) lists specific matters that the trial court is to inform the defendant of, including nonconstitutionally based matters (such as nature of the charges and the maximum penalty involved) and constitutional rights being waived (such as trial by jury and confrontation of witnesses) before the judge may accept the plea. R.C. 2943.031(A) in effect grafts an additional warning requirement, not constitutionally based, for noncitizen defendants onto Crim.R. 11(C)(2), although that rule has never been amended to reflect the statute's effect. To the extent that R.C. 2943.031(A) goes beyond

Crim.R. 11(C)(2), the General Assembly has created a substantive right that supplements the procedural rule.[1]

{¶ 30} Although the R.C. 2943.031(A) warning is not constitutionally required (as indicated by the federal courts' approach mentioned above), a failure to give it carries the consequences set forth in R.C. 2943.031(D). Taken as a whole, R.C. 2943.031's emphasis is on the mechanical question of whether the defendant received the warning required by R.C. 2943.031(A). Issues regarding the defendant's subjective understanding of the rights that he or she was relinquishing and the effects of entering the plea under Crim.R. 11(C) are resolved through resort to both that rule and R.C. 2943.031 regarding the immigration-related consequences. See R.C. 2943.031(F) ("Nothing in this section shall be construed as preventing a court, in the sound exercise of its discretion pursuant to Criminal Rule 32.1, from setting aside the judgment of conviction and permitting a defendant to withdraw his plea").

{¶ 31} Appellant's motion focuses on the alleged failure to give the R.C. 2943.031(A) warning and less on whether she understood the effect the plea and resulting conviction would have on her status in this country. This focus is consistent with her reliance on the precedent set in *State v. Quran*, Cuyahoga App. No. 80701, 2002-Ohio-4917, 2002 WL 31087704, ¶ 23, which stated that a trial judge's failure to strictly comply with R.C. 2943.031(A) means that a subsequent motion under R.C. 2943.031(D) to withdraw the guilty plea must be granted.

{¶ 32} An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard. See *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph two of the syllabus (a motion seeking to withdraw guilty plea after sentencing under Crim.R. 32.1 "is addressed to the sound discretion of the trial court"); *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraph two of the syllabus (a decision on a presentence motion to withdraw a guilty plea under Crim.R. 32.1 "is within the sound discretion of the trial court"). Although this case implicates R.C. 2943.031 rather than Crim.R. 32.1, the same abuse-of-discretion standard of review applies to the trial court's decision on appellant's motion.

{¶ 33} At the same time, the extent of the trial court's exercise of discretion on a motion to withdraw a plea is determined by the particular provisions that govern the motion under which the defendant is proceeding and the caselaw interpreting those provisions. Thus, for example, when a defendant who is a United States citizen files a typical Crim.R. 32.1 motion to withdraw a plea after

---

1. We suggest that this court's Rules Advisory Committee consider whether Crim.R. 11(C)(2) (and Crim.R. 11[D] regarding certain misdemeanor offenses) should be amended to explicitly reflect that trial judges should comply with R.C. 2943.031(A) prior to accepting a plea from a noncitizen defendant.

sentencing, the trial court's exercise of discretion is governed by the manifest-injustice standard of that rule. Similarly, when a defendant's motion to withdraw is premised on R.C. 2943.031(D), the standards within that rule guide the trial court's exercise of discretion.

{¶ 34} Some courts have found that when the defendant satisfies the provisions of R.C. 2943.031(D), a trial court has no discretion to deny the motion. See, e.g., *State v. Yanez*, 150 Ohio App.3d 510, 2002-Ohio-7076, 782 N.E.2d 146, at ¶ 14. The exercise of discretion we discuss applies to the trial court's decision on *whether* the R.C. 2943.031(D) elements have been established (along with the factors of timeliness and prejudice discussed below), not generally to the trial court's discretion once the statutory provisions have been met.

{¶ 35} This court has stated that a motion under R.C. 2943.031(D) "and an appeal from the denial of the motion provide the exclusive remedies" for a trial court's alleged failure to comply with R.C. 2943.031(A). *State ex rel. White v. Suster*, 101 Ohio St.3d 212, 2004-Ohio-719, 803 N.E.2d 813, ¶ 7, citing *State v. Garmendia*, Montgomery App. No. 2002–CA–18, 2003-Ohio-3769, 2003 WL 21658528, ¶ 12; and *State v. Rodriguez*, Butler App. No. CA2001–04–077, 2002-Ohio-3978, 2002 WL 1791115, ¶ 16.

{¶ 36} In *Garmendia*, at ¶ 12, the Second District Court of Appeals observed that a defendant is not automatically entitled to relief under R.C. 2943.031(D) if a trial court failed to give the statutory warning when accepting a plea. The defendant must also show that he or she is not a citizen of the United States and that there may be deportation, exclusion, or naturalization consequences resulting from the plea. The court stated, "These are matters that can be the subject of proof at a hearing in the trial court, and often will not be apparent from the record of a direct appeal of the original conviction." Id. The consequences of this reasoning for our purposes are that a defendant seeking relief under R.C. 2943.031(D) must make his or her case before the trial court under the terms of that statute, that the trial court must exercise its discretion in determining whether the statutory conditions are met, and that an appellate court reviews a trial court's decision on the motion under an abuse-of-discretion standard in light of R.C. 2943.031(D).

## III

### Timeliness

{¶ 37} Because the court of appeals in this case reasoned that the untimeliness of appellant's motion in and of· itself justified the trial court's denial of it, appellant's arguments center on the issue of whether timeliness should enter into a trial court's consideration as a relevant factor when ruling on an R.C. 2943.031(D) motion. Appellant points out that that statute does not mention

timeliness of the motion as a consideration for the trial court and argues that the trial court is limited to considering only the four specifically mentioned statutory criteria: (1) the court failed to provide the warning, (2) the warning was required, (3) the defendant is not a United States citizen, and (4) the conviction "may result" in deportation, exclusion, or denial of naturalization. Appellant further urges that if the four criteria are met, a trial court must grant an R.C. 2943.031(D) motion without regard to its timeliness or untimeliness, pointing especially to that statute's affirmative declaration that "the court shall set aside the judgment" when the statutory conditions are met.

{¶ 38} In making timeliness a factor in a trial court's consideration, the court of appeals relied on this court's statement in *State v. Bush,* 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, that "an 'undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" Id. at ¶ 14, quoting *Smith,* supra, 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph three of the syllabus. The court of appeals specifically recognized that its holding on this issue conflicted with that of the Tenth District Court of Appeals in *State v. Yuen,* Franklin App. No. 01AP–1410, 2002-Ohio-5083, 2002 WL 31124023.

{¶ 39} Appellee argues that the *Bush/Smith* observation applies to appellant's motion even though the manifest-injustice standard of Crim.R. 32.1 is not applicable and points out that Crim.R. 32.1, similar to R.C. 2943.031, does not have a timeliness requirement either, but that this court in *Bush* and *Smith* read one into the rule. Appellant counters that *Bush* and *Smith* are distinguishable precisely because of the clear language of R.C. 2943.031(D) and because that statute places a significantly lesser burden on a defendant seeking to withdraw a plea after sentencing than the Crim.R. 32.1 standard of manifest injustice.

{¶ 40} We reject appellant's argument that timeliness of the motion cannot ever be a factor in an R.C. 2943.031(D) consideration. Timeliness of the motion is just one of many factors that the trial court should take into account when exercising its discretion in considering whether to grant the motion. The more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time. It is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time.

{¶ 41} However, at the same time, we also do not accept the court of appeals' determination that, as a matter of law, untimeliness here was a sufficient factor in

and of itself to justify the trial court's decision to deny the motion. In light of the strong policy expressed within R.C. 2943.031(D), we reject the court of appeals' approach in this regard, particularly when the trial court, which did not explain its ruling, never found that appellant's delay in moving to withdraw the plea was unreasonable. It is too great a leap on this meager record to conclude, with no further inquiry, that appellant's delay in filing the motion was unreasonable as a matter of law.

{¶ 42} Depending on the particular facts, untimeliness will sometimes be an important factor in reaching a decision on a motion to withdraw. On the other hand, in some cases even a considerable delay in filing the motion to withdraw will not be a factor supporting denial of the motion, such as when the immigration-related consequences of the plea and resulting conviction did not become evident for some time after the plea was entered. This is not a situation that requires a bright-line rule. As one of many factors underlying the trial court's exercise of discretion in considering the motion to withdraw, timeliness of the motion will be of different importance in each case, depending on the specific facts.

{¶ 43} Because of the way we view the timeliness issue, we do not accept the court of appeals' conclusion that the timing of the motion alone justifies the trial court's denial of it. One option at this point would be to simply end our review and remand this matter to the court of appeals for further consideration. However, based on our review of the record of this case, we find it necessary to examine other issues implicated by this appeal. Our further review also reveals deficiencies in the trial court's consideration of appellant's motion that underscore our determination not to accept the court of appeals' conclusion regarding the untimeliness of the motion. As will be explained below, these deficiencies require us to remand this matter to the trial court rather than to the court of appeals.

IV

Substantial Compliance

{¶ 44} A primary factor in a trial court's decision whether an R.C. 2943.031(D) motion should be granted is whether the trial court at the time the defendant entered his or her plea did indeed fail "to provide the defendant the advisement described in division (A)" of R.C. 2943.031. Our state's appellate courts have disagreed on what degree of compliance R.C. 2943.031(A) demands of trial courts. Compare, e.g., the First Appellate District's decision in *State v. Yanez*, supra, 150 Ohio App.3d 510, 2002-Ohio-7076, 782 N.E.2d 146, at ¶ 31–35 (substantial-compliance standard applies; most jurisdictions with similar statutes do not require literal compliance; substantial-compliance standard not met), with *State v. Qur-*

*an,* supra, Cuyahoga App. No. 80701, 2002-Ohio-4917, 2002 WL 31087704, at ¶ 23 (strict compliance required).

{¶ 45} A criminal defendant's right to be informed of a specific nonconstitutional feature of a plea, pursuant to Crim.R. 11, prior to a trial court's acceptance of the defendant's plea is subject to review under a substantial-compliance standard. *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12, citing *State v. Nero* (1990), 56 Ohio St.3d 106, 107, 564 N.E.2d 474. For our purposes, the R.C. 2943.031(A) notification is similar to the nonconstitutional notifications of Crim.R. 11(C)(2), such as the nature of the charges and the maximum penalty involved, and, therefore, implicates the same standard. As one of the showings that must be made to prevail on an R.C. 2943.031(D) motion, a defendant must demonstrate that he or she was prejudiced by the trial court's alleged failure to comply with R.C. 2943.031(A).

{¶ 46} We recognize that R.C. 2943.031(A) is crystal clear in supplying the specific language the trial court is to use in warning a defendant of the possible consequences of pleading guilty or no contest. That statute even goes so far as to place the required language within quotation marks, leaving no doubt that the General Assembly desires the warning to be given exactly as provided. However, the issue regarding substantial compliance in these cases is not, in hindsight, what warning should have been provided, but rather, given the current situation, what standard should apply in evaluating the motion to withdraw the plea. Even though R.C. 2943.031(A) is clear, our precedents uniformly support a substantial-compliance approach in this situation. We therefore disagree with the contrary conclusion reached in *State v. Quran* applying a strict-compliance standard.

{¶ 47} In *State v. Malcolm* (2001), 257 Conn. 653, 778 A.2d 134, the Supreme Court of Connecticut considered whether to apply a substantial-compliance or strict-compliance standard to evaluate adherence to an immigration-related warning statute very similar to R.C. 2943.031(A). The court persuasively explained why a substantial-compliance approach was correct, concluding, "Although it would have been better practice for the trial court to have read the statute verbatim, strict compliance was not necessary to put the defendant on notice that a conviction could have implications beyond the state criminal justice system. To allow the defendant now, years after the charges were brought, and after the evidence has been destroyed, to withdraw a plea into which he entered knowingly and voluntarily would be to assert form over substance." Id. at 664, 778 A.2d 134.

{¶ 48} We hold that if some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted, but the warning was not a verbatim recital of the language in R.C. 2943.031(A), a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must

exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * The test is whether the plea would have otherwise been made." *State v. Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474; see, also, *Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, at ¶ 12. This specific determination is another factor that plays a role in the trial court's overall decision on whether to grant the motion.

## V
### Failure to Hold a Hearing/Failure to Explain Reasoning

{¶ 49} The next logical step in our review of the denial of the motion would seem to be to review the trial court's determination whether R.C. 2943.031(A) was substantially complied with when appellant's plea was accepted in 1993. A determination regarding substantial compliance is an integral part of many R.C. 2943.031(D) rulings. However, in this case, when ruling on appellant's motion to withdraw the plea, the trial court failed to hold a hearing and also failed to explain its reasoning. Consequently, consistent with our discussion above regarding our inability to discern whether the trial court ruled against appellant on timeliness grounds, we have no way of knowing whether the trial court even reached the issue of substantial compliance.

{¶ 50} There is no specific requirement to hold a hearing in this situation. However, it sometimes is difficult for an appellate court to review a trial court's ruling on a motion to withdraw a plea to determine whether an abuse of discretion occurred when no hearing was held.

{¶ 51} In *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715, at paragraph one of the syllabus, this court acknowledged the importance of a hearing to aid in developing a record that could be examined by a reviewing court to determine whether a trial court properly exercised its discretion in ruling on a motion to withdraw a plea. *Xie* stands for the proposition that, unless it is clear that denial of the motion is warranted, a trial court should hold a hearing. See, also, *Garmendia*, supra, Montgomery App. No. 2002-CA-18, 2003-Ohio-3769, 2003 WL 21658528, at ¶ 12, which mentions the importance of a trial-court hearing on an R.C. 2943.031(D) motion to establish whether the defendant has met the statutory factors, including that the defendant has shown that he or she is not a citizen of the United States and that there may be immigration-related consequences from the conviction resulting from the plea. In some situations when a hearing should have been held, a trial court's failure to have held a hearing amounts to an abuse of discretion. We find this case to be one in which a hearing should have been held.

{¶ 52} Furthermore, the trial court's failure to specify any reasons in its journal entry denying the motion severely hampers any consideration of whether an abuse of discretion occurred. There is no specific requirement that the trial court issue findings of fact and conclusions of law. See *State v. McNeal,* Cuyahoga App. No. 82793, 2004-Ohio-50, 2004 WL 35762, ¶ 5 ("Findings and conclusions are usually required by rule or statute, and no such authority is applicable here"). However, the failure to explain the reasoning places significant obstacles in the way of meaningful appellate review when, as here, so many variables are potentially relevant to a trial court's consideration.

{¶ 53} The record reveals other possible concerns. Appellee urges that appellant failed to show that she was not a citizen of the United States at the time she moved to withdraw her plea, thereby failing to fulfill that condition for R.C. 2943.031(D) relief. Appellee supports this argument by citing a line of cases that hold that a failure in that regard is sufficient grounds for denial of the motion. See, e.g., *State v. Almingdad,* Cuyahoga App. No. 81201, 2003-Ohio-1829, 2003 WL 1849127, ¶ 11 (defendant must "affirmatively demonstrate" that he or she "is not a citizen of the United States through affidavit or other documentation" to prevail on an R.C. 2943.031[D] motion).

{¶ 54} Within the trial-court record transmitted to this court appears an affidavit signed by appellant dated October 30, 2002, stating that she is a citizen of Jamaica and a permanent resident of the United States. Even though it appears among the record filings, this affidavit has no file stamp, which suggests that it was never officially made a part of the record. If the affidavit was never officially made a part of the record, it is possible that the trial court might have denied her motion based on the failure to file the affidavit, relying on cases such as *Almingdad.* It would be speculative to comment on the propriety of that line of cases in these circumstances because we have no way of knowing whether this issue played any part in the trial court's bare ruling. We point out this discrepancy not for any substantive value but merely as an additional feature that supports our decision to remand this cause to the trial court for a more thorough review.

{¶ 55} Appellee also cites a line of Eighth Appellate District cases requiring a defendant proceeding under R.C. 2943.031(D) to affirmatively prove prejudice with specificity before a plea may be withdrawn. See, e.g., *State v. Isleim* (Aug. 18, 1994), Cuyahoga App. No. 66201, 1994 WL 449387. Appellee claims that appellant did not establish the requisite level of prejudice and that her motion was properly denied for that reason. We have reviewed the document appellant attached to her motion to vacate her plea to support her claims regarding the immigration-related effects of her plea on her status in this country, and it appears that an important part of the document is missing. Again, without any

reasoning from the trial court explaining the denial of appellant's motion, it would be unduly speculative to consider this argument or to comment on this line of cases.

{¶ 56} We are not establishing a rule that requires a hearing and a written opinion in every case. We stress that, as a general rule, in the absence of specific requirements to the contrary, decisions as to whether to hold a hearing and as to whether to explain reasons for a ruling are matters entrusted to the sound discretion of the trial court. Sometimes, a trial court's explanation of the reasons underlying the decision to deny the motion will illuminate why a hearing was not necessary. Sometimes, the record will reveal the reasons for denial with sufficient clarity to show that it was not error to fail to hold a hearing or to specify the reasons for denial. We simply find that, in this case, the combination of a failure to hold a hearing and a failure to explain the reasoning are so significant that appellate review is impossible and that further proceedings by the trial court are necessary. In light of these shortcomings, we remand this matter to the trial court for further proceedings.

{¶ 57} For the foregoing reasons, we agree with the court of appeals' conclusion that timeliness of the motion can be a factor in a trial court's consideration of an R.C. 2943.031(D) motion. We reverse the judgment of the court of appeals that appellant's motion was untimely as a matter of law. After further review, we remand this cause to the trial court for further proceedings.

Judgment reversed
and cause remanded.

F.E. Sweeney and O'Connor, JJ., concur.

Moyer, C.J., and Pfeifer, J., concur in judgment only.

Lundberg Stratton and O'Donnell, JJ., concur in part and dissent in part.

---

**Moyer, C.J., concurring in judgment only.**

{¶ 58} I concur with the majority's holding to the extent that it reverses the judgment of the court of appeals that held that appellant's motion to withdraw her plea was untimely as a matter of law. However, I disagree with the following two conclusions: (1) timeliness of a motion to withdraw may be a factor in a trial court's consideration of a motion filed pursuant to R.C. 2943.031(D) and (2) a trial court's warning issued pursuant to R.C. 2943.031(A) is subject to review under a substantial-compliance standard. I address each conclusion separately.

## I. Timeliness

{¶ 59} The majority holds that "[t]imeliness of the motion is just one of many factors that the trial court should take into account when exercising its discretion in considering whether to grant [a motion filed pursuant to R.C. 2943.031(D) ]." I disagree with this holding because it violates the plain language of R.C. 2943.031(D).

{¶ 60} The trial court is limited to considering four enumerated criteria when confronted with a motion to withdraw a plea filed pursuant to R.C. 2943.031(D).[2] Notably, timeliness of the filing of the motion is not among the statutory criteria.

{¶ 61} R.C. 2943.031(D) provides that the trial court "*shall* set aside the judgment and permit the defendant to withdraw a plea of guilty" if the enumerated criteria are established. (Emphasis added.) This court has consistently held that "when it is used in a statute, the word 'shall' denotes that compliance with the commands of that statute is *mandatory.*" (Emphasis sic.) *Dept. of Liquor Control v. Sons of Italy Lodge 0917* (1992), 65 Ohio St.3d 532, 534, 605 N.E.2d 368.

{¶ 62} Thus, a trial court confronted with an R.C. 2943.031(D) motion to withdraw a plea is permitted to consider only the four statutorily enumerated factors, and when those factors are established, the court is required to grant the motion to withdraw.

{¶ 63} The majority disregards this clear statutory mandate when it holds that a trial court has the discretion to consider the timeliness of an R.C. 2943.031(D) motion to withdraw a plea.

{¶ 64} The majority then seeks to support its disregard of the plain language of the statute with reference to the state's interest in maintaining the finality of convictions. While the state's interest in finality is undeniable, we should not use the protection of that interest as a justification for disregarding the plain language of a statute.

{¶ 65} The majority also likens a motion to withdraw a plea under R.C. 2943.031(D) to a Crim.R. 32.1 motion to withdraw a plea by observing that neither the statute nor the rule contains a timeliness requirement. The majority notes that this court read such a requirement into Crim.R. 32.1 in *State v. Bush,* 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522. However, our holding in

---

2. R.C. 2943.031(D) allows a defendant to withdraw his or her plea if "the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

*Bush* is inapplicable to this case because of the important differences between Crim.R. 32.1 and R.C. 2943.031(D).

{¶ 66} R.C. 2943.031(D) requires the trial court to vacate a plea when the statutorily enumerated factors are established, whereas Crim.R. 32.1 grants the trial court discretion in deciding whether a guilty plea should be vacated. Compare R.C. 2943.031(D) (providing that when the enumerated factors are established, "the court *shall* set aside the judgment and permit the defendant to withdraw a plea of guilty") with Crim.R. 32.1 (stating that "to correct manifest injustice the court after sentence *may* set aside the judgment of conviction and permit the defendant to withdraw his or her plea"). (Emphasis added.)

{¶ 67} Furthermore, R.C. 2943.031(D), unlike Crim.R. 32.1, does not require the defendant to make a showing of manifest injustice before permitting the defendant to withdraw his or her plea.

{¶ 68} These differences demonstrate that the General Assembly intended R.C. 2943.031(D) to be an independent means of withdrawing a plea that is not governed by the requirements of Crim.R. 32.1. Thus, our holding in *Bush* does not support the majority's decision to depart from the plain language of R.C. 2943.031(D).

## II. Substantial Compliance

{¶ 69} I further disagree with the majority's conclusion that trial courts need only substantially comply with R.C. 2943.031(A). The plain language of that provision mandates application of a strict-compliance standard.

{¶ 70} As the majority recognizes, "R.C. 2943.031(A) is crystal clear in supplying the specific language the trial court is to use in warning a defendant of the possible consequences of pleading guilty or no contest. The statute even goes so far as to place the required language within quotation marks, leaving no doubt that the General Assembly desires the warning to be given exactly as provided." Despite this recognition, the majority applies a substantial-compliance standard of review to R.C. 2943.031(A) and in doing so, holds that trial courts need not do what is expressly mandated by the statute.

{¶ 71} The majority states that precedent supports application of a substantial-compliance standard. However, in *State v. Pless* (1996), 74 Ohio St.3d 333, 340, 658 N.E.2d 766, we emphasized that when the requirements of a provision "are clear and unambiguous, * * * we are constrained to enforce the statute as written. If we were to ignore th[e] statute, * * * no clear and unambiguous statute would be safe from a 'substantial compliance' interpretation."

{¶ 72} The requirements set forth in R.C. 2943.031(A), like those in the statute at issue in *Pless,* are clear and unambiguous. R.C. 2943.031(A) states that "the court *shall* * * * provide the *following advisement* to the defendant * * *:

{¶ 73} " 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.' " (Emphasis added.)

{¶ 74} Use of the word "shall" and placement of the required advisement in quotation marks demonstrate that the General Assembly intended the trial court to give, verbatim, the warning in R.C. 2943.031(A). Accordingly, I would hold that a trial court must strictly comply with R.C. 2943.031(A) by reading the quoted language to the defendant at the plea hearing.

{¶ 75} When trial courts take the time to simply follow the clear direction of a statute, cases such as this do not clutter court dockets.

{¶ 76} In this case, the trial court failed to recite verbatim the R.C. 2943.031(A) advisement. Rather, the trial court asked the appellant whether she understood that pleading guilty to the felony "would affect [her] rights in this country" and whether she had discussed the effect of pleading guilty with her attorney.

{¶ 77} Because the trial court failed to strictly comply with R.C. 2943.031(A), I would remand this cause to the trial court for a determination of whether the appellant has established the other three R.C. 2943.031(D) elements and thus is entitled to withdraw her guilty plea pursuant to R.C. 2943.031(D).

PFEIFER, J., concurs in the foregoing opinion.

---

**O'DONNELL, J., concurring in part and dissenting in part.**

{¶ 78} I concur with those portions of the majority opinion that "require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time," and I also concur with the majority's adoption of a substantial-compliance standard for evaluating a motion to withdraw a plea filed pursuant to R.C. 2943.03(D). However, I respectfully dissent from the portion of the majority's decision remanding this matter to the trial court to conduct a further hearing on Francis's original motion to withdraw.

{¶ 79} In my view, the timeliness of an offender's motion to withdraw is material to the determination of whether to grant the motion. The majority is correct in its assessment that without a timeliness consideration, felony convictions are subject to being vacated years after the matter has been resolved and we tread into the area of stale or lost evidence and witnesses who are unavailable or deceased or who have faded recollection.

{¶ 80} I also agree with the majority that substantial compliance is the proper standard to be applied in considering these types of cases. Substantial compli-

ance has been the standard utilized in Ohio for nearly three decades in connection with affording statutory rights to a defendant in the context of accepting a guilty plea. In *State v. Stewart* (1977), 51 Ohio St.2d 86, 92, 5 O.O.3d 52, 364 N.E.2d 1163, we stated:

{¶ 81} "The trial judge did not recant [sic, recite] the precise verbiage of Crim.R. 11(C)(2)(a), 'that he is not eligible for probation,' but the court did specifically inform the appellant of the maximum penalty. Under the circumstances * * *, it would appear that there has been substantial compliance with the rule."

{¶ 82} The court stated in a footnote:

{¶ 83} "In the past, substantial compliance with Federal Rule of Criminal Procedure 11 has often been approved. See *Fruchtman v. Kenton* (C.A.9, 1976), 531 F.2d 946, certiorari denied, 429 U.S. 895 [97 S.Ct. 256, 50 L.Ed.2d 178] (1976); *Sappington v. United States* (C.A.8, 1975), 523 F.2d 858; *United States v. Madrigal* (C.A.7, 1975), 518 F.2d 166; *Burroughs v. United States* (C.A.5, 1975), 515 F.2d 824; *United States v. Maggio* (C.A.5, 1975), 514 F.2d 80, certiorari denied, 423 U.S. 1032 [96 S.Ct. 563, 46 L.Ed.2d 405] (1975); *McRae v. United States* (C.A.8, 1976), 540 F.2d 943; *Bachner v. United States* (C.A.7, 1975), 517 F.2d 589; *United States v. Ortiz* (C.A.8, 1976), 545 F.2d 1122." *Stewart*, 51 Ohio St.2d at 92, 5 O.O.3d 52, 364 N.E.2d 1163, fn. 4.

{¶ 84} The court continued:

{¶ 85} "In *United States v. Brogan* (C.A.6, 1975), 519 F.2d 28, the court held that substantial compliance with Fed.R.Crim.P. 11 was sufficient. The court further commented that rote recitation of the rule was not necessary, stating:

{¶ 86} " 'We believe that we have not yet reached the state where Courts will require the parroting of any rule; nor should we encourage a defendant to trifle with the court.' " *Stewart*, 51 Ohio St.2d at 92, 5 O.O.3d 52, 364 N.E.2d 1163.

{¶ 87} There is no reason to deviate from this standard based on the facts of this case. The record reflects that Francis had counsel at the plea hearing who explained the consequences of her plea and the effect on her status in the United States at that time, that Francis understood the consequences of her plea, that the trial court separately cautioned her about the plea's effect on her status in the United States, and that Francis entered her plea knowingly, voluntarily, and intelligently. Under these facts, we can infer that she knew at the plea hearing that it would affect her rights in this country. A nine-year unexplained delay in filing a motion to withdraw a guilty plea is unreasonable.

{¶ 88} Regarding a remand to the trial court for a hearing on the motion to withdraw, the majority first indicates that no such hearing is required but states that a hearing would be beneficial for appellate review. In my view, the evidence

with respect to whether the court substantially complied with the advisement required by R.C. 2943.031(A) in this case is already contained in the record, and a hearing, therefore, is not necessary. A review of the transcript of the plea proceeding conducted in this case reveals that the trial court substantially complied with the statutory advisement. Accordingly, I concur with the portion of the majority opinion incorporating a timeliness element into the filing of a motion to withdraw a guilty plea and its application of the substantial-compliance standard of review, but dissent from the decision to remand this cause for hearing. I would find substantial compliance based upon the facts contained in this record.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and Kristen L. Lusnia, Assistant Prosecuting Attorney, for appellee.

Michael Peterson & Associates and Jonathan Aaron Bartell, for appellant.