JOURNAL ENTRY and PINION
{¶ 1} Appellant Saad Said Sibai appeals the trial court's denial of his motion to vacate his guilty plea.[1] Sibai assigns the following error for our review:
"The trial court erred when it overruled appellant's motion to vacate[his] guilty plea, when at the time of the plea the trial court failed toprovide the advisement pursuant to O.R.C. 2943.031(A) that he was subjectto possible deportation, exclusion from the United States or denial ofnaturalization pursuant to United States."
 {¶ 2} Having reviewed the record and pertinent law, we vacate Sibai's guilty plea and remand for further proceedings. The apposite facts follow.
 {¶ 3} On July 6, 1994, the Cuyahoga County Grand Jury indicted Sibai for one count each of carrying a concealed weapon, trafficking in food stamps, drug abuse, and possession of criminal tools. On January 26, 1995, Sibai pled guilty to trafficking in food stamps and possession of criminal tools. The remaining counts were nolled. The trial court sentenced Sibai to one year on each count, to run consecutively. Sibai's sentence was suspended, and he was placed on three years probation.
 {¶ 4} On January 30, 2004, Sibai filed a motion to withdraw his guilty plea, arguing the trial court failed to advise him pursuant to R.C. 2943.031
that his plea could result in him being deported. A hearing on the motion was conducted; subsequently, the trial court denied the motion. Sibai now appeals.
 {¶ 5} In his sole assigned error, Sibai argues the trial court erred by denying his motion to vacate his guilty plea because it was untimely filed. We agree.
 {¶ 6} R.C. 2943.031 provides that, before accepting a guilty plea to a felony, the trial judge shall address the defendant personally and provide the following advisement and determine that the defendant understands it:
"If you are not a citizen of the United States you are hereby advisedthat conviction of the offense to which you are pleading * * * may havethe consequences of deportation, exclusion from admission to the UnitedStates, or denial of naturalization pursuant to the laws of the UnitedStates."
 {¶ 7} In the instant case, the record indicates the trial court failed to advise Sibai that his plea could affect his ability to stay in the United States. Nonetheless, the court denied Sibai's motion to withdraw his plea after concluding that Sibai's waiting nine years to file his motion to withdraw constituted an unreasonable amount of time. In so ruling, the trial court relied on this court's opinion in State v.Francis,[2] in which we held the defendant's motion to withdraw was properly denied because the defendant filed the motion over nine-years after entering his plea. This decision was recently overruled by the Ohio Supreme Court.[3]
 {¶ 8} In overruling this court's decision, the Ohio Supreme Court held the timeliness of a motion to withdraw a plea pursuant to R.C. 2943.031(D) was just one of many factors a trial court was to take into account when considering whether to grant a motion to withdraw a guilty plea.[4] The Court explained as follows:
"Depending on the particular facts, untimeliness will sometimes be animportant factor in reaching a decision on a motion to withdraw. On theother hand, in some cases even a considerable delay in filing the motionto withdraw will not be a factor supporting a denial of the motion, suchas when the immigration-related consequences of the plea and resultingconviction did not become evident for some time after the plea wasentered. This is not a situation that requires a bright-line rule. As oneof many factors underlying the trial court's exercise of discretion inconsidering the motion to withdraw, timeliness of the motion will be ofdifferent importance in each case, depending on the specific facts."[5]
 {¶ 9} The Court also held that the abuse-of-discretion standard of review applies in reviewing the trial court's decision on a motion to withdraw.[6] Because the trial court in Francis failed to conduct a hearing on the matter, the Court concluded it could not determine whether the trial court abused its discretion in denying the motion and remanded the matter for a hearing.
 {¶ 10} In the instant case, a hearing was conducted. The evidence indicated that Sibai entered his plea in 1995 and did not seek to withdraw it until 2004, over nine years later. However, Sibai was not notified that he was to be deported until approximately twelve-to-eighteen months prior to filing his motion to withdraw his plea. After Sibai was married in 1997, he reported to the immigration office in order to change his status from "political asylum" to "married." At that time, he told the immigration officer about his felony. Following the advice of the immigration officer, Sibai filed a "waiver of his felony," in which he indicated he was the sole supporter of his family. The waiver was never ruled on. However, every year, his work permit was renewed. In 2002, he was notified that all non-citizens were required to register with the Immigration Department, which Sibai did. Thereafter he was arrested and told he was to be deported. He was released on his own recognizance pending his hearing.
 {¶ 11} In 2003, he appeared for his hearing before the Immigration Department. At that time, he asked the judge the status of the waiver he filed in 1997. Counsel for the Immigration Department told him it was still pending. The judge advised Sibai to seek other "alternatives" and continued the hearing. Thereafter, Sibai's attorney filed the motion to withdraw Sibai's guilty plea with the court of common pleas.
 {¶ 12} Therefore, the record indicates that Sibai was not prejudiced by the trial court's failure to properly advise him until he received his deportation order. He further did not realize his waiver of his felony would not be granted until he appeared for his deportation hearing. Before this, there was no reason for Sibai to seek to withdraw his plea because his work permit was being renewed annually, and the waiver of his felony was pending with the Immigration Department. Under these circumstances, "where the immigration-related consequences of the plea and resulting conviction did not become evident for some time after the plea was entered," we do not conclude that the mere fact over nine years has elapsed from the date of his plea to constitute grounds for denying his motion to vacate.
 {¶ 13} It appears the trial court's sole basis for denying Sibai's motion to withdraw his plea was the fact the motion was untimely. The trial court stated if Sibai had sought to withdraw the plea prior to the expiration of his probation, the court would have "immediately" granted the motion.[7] Therefore, because no other grounds for denying Sibai's motion were presented, we vacate Sibai's plea and remand for further proceedings. Accordingly, Sibai's assigned error is sustained.
Judgment vacated and cause remanded for further proceedings.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J., and Rocco, J., Concur.
[1] This appeal was stayed pending the Ohio Supreme Court's decision inState v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894.
[2] Cuyahoga App. No. 82324, 2003-Ohio-4406.
[3] State v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894.
[4] State v. Francis, supra at 497.
[5] Id. at 498.
[6] Id. at 495.
[7] Tr. at 17.