JOURNAL ENTRY and OPINION
{¶ 1} In this appeal brought on the accelerated calendar, defendant-appellant Hong Zhao challenges the trial court's April 15, 2005 order that denied his motion to withdraw his no contest plea.
 {¶ 2} The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. Crawford v. Eastland Shopping MallAssn. (1983), 11 Ohio App.3d 158.
 {¶ 3} Appellant argues in his sole assignment of error that since the record of his original plea hearing reflects there was no compliance with the requirements of R.C. 2943.031, the trial court abused its discretion in refusing him the relief he sought.
 {¶ 4} The record reflects that in May 1991, appellant entered a plea of no contest to the misdemeanor offense of attempt to deny access to a computer, R.C. 2913.81/2923.02. There is no dispute that the trial court accepted appellant's plea without informing him pursuant to R.C. 2943.031
of the possible effect his plea might have on his immigration status.
 {¶ 5} Approximately ten years later, in February 2000, appellant filed a motion to withdraw his plea. As the basis for his motion, he cited the trial court's failure at his plea hearing to comply with R.C. 2943.031. The trial court denied appellant's motion without opinion. Appellant filed no appeal from that decision.
 {¶ 6} In February 2005, appellant filed another motion to withdraw his plea. Once again, appellant cited noncompliance with R.C. 2943.031 at his plea hearing, and further cited both the Ohio Supreme Court's decision inState v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894, and Crim.R. 32.1.
 {¶ 7} The trial court held an oral hearing on appellant's motion. Appellant testified that he sought to vacate his plea because he had been warned that a conviction, even for a misdemeanor, would prevent him from obtaining United States citizenship. Appellant admitted, however, that he had never filed for citizenship and that he had not been threatened with deportation.
 {¶ 8} Following the hearing, the trial court denied appellant's motion, stating appellant had not demonstrated any manifest injustice which would justify permitting him to withdraw his plea.
 {¶ 9} Although appellant asserts on appeal that the trial court abused its discretion in denying his motion, this court cannot agree.
 {¶ 10} In Francis, supra, the supreme court indicated the trial court's decision must be analyzed under an abuse-of-discretion standard. See, State v. Sibai, Cuyahoga App. No. 84407, 2005-Ohio-2730. The trial court did not abuse its discretion in this case, since the facts demonstrate appellant's renewed claim was barred by the doctrine of res judicata. Appellant raised the identical argument[1] in the trial court in February 2000, and never appealed the trial court's decision.
 {¶ 11} Moreover, this case is closer factually to the facts presented in State v. Suleiman, Cuyahoga App. No. 83915, 2004-Ohio-4487 (discretionary appeal not allowed, 2005-Ohio-1186), rather than those presented in Sibai, supra. The supreme court declared that "a motion under R.C. 2943.031(D) `and an appeal from the denial of the motion provide the exclusive remedies' for a trial court's failure to comply with R.C. 2943.031(A)." Francis, supra at ¶ 35, citing State ex rel. White v.Suster, 101 Ohio St.3d 212, 2004-Ohio-719.
 {¶ 12} Appellant failed to appeal the denial of his first motion made pursuant to R.C. 2943.031(D); therefore, his renewed claim was barred by the doctrine of res judicata. Under the circumstances, this court cannot find the trial court abused its discretion.
 {¶ 13} Appellant's assignment of error is overruled.
Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and McMonagle, J. concur
[1] Interestingly, the Ninth District Court of Appeals recently considered a case by an appellant with the same name as appellant herein, who committed similar offenses and which presented the claim as appellant herein; the court rejected his claim. State v. Zhao, Lorain App. No. 03CA008386, 2004-Ohio-3245. The supreme court declined to accept the appeal of that decision. State v. Zhao, 103 Ohio St.3d 1495,2004-Ohio-5605. At oral argument, neither the prosecutor nor appellant's attorney could advise this court as to whether this appellant was the same person.