[Cite as *State v. Hill*, 2012-Ohio-1754.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT11-0061 |
| TRACY J. HILL | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Muskingum County
Common Pleas Court, Case No.
CR2010-0168


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    April 16, 2012


APPEARANCES:


For Plaintiff-Appellee    For Defendant-Appellant


ROBERT L. SMITH    DAVID A. SAMS
Assistant Prosecuting Attorney    P.O. Box 40
27 North Fifth Street    West Jefferson, Ohio 43162
Zanesville, Ohio 43701

*Hoffman, P.J.*

{¶1} Defendant-appellant Tracy J. Hill appeals the October 14, 2011 Judgment Entry entered by the Muskingum County Court of Common Pleas denying her motion to withdraw plea. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On May 31, 2011, Appellant filed a motion to withdraw her plea stating the state of Ohio failed to honor the plea bargain agreed upon. Appellant was indicted on one count of drug possession, and entered a plea of guilty in return for the State's agreement to recommend community control. The trial court sentenced Appellant to a prison term of ten months on November 2, 2010.

{¶3} On January 3, 2011, Appellant applied for judicial release. On January 10, 2011, the State filed a responsive pleading indicating it would take no position with regard to the motion in light of the plea negotiations. Via Judgment Entry of January 12, 2011, the trial court denied Appellant's application for judicial release.

{¶4} On February 7, 2011, Appellant filed another motion for judicial release. On February 15, 2011, the State filed a response indicating it would take no position with respect to the motion. Via Judgment Entry dated February 22, 2011, the trial court denied Appellant's motion for judicial release.

{¶5} On March 8, 2011, Appellant filed another motion for judicial release. The State did not file a responsive pleading. Via Judgment Entry of March 21, 2011, the trial court denied Appellant's motion for judicial release.

---

[1] A rendition of the facts is unnecessary for our resolution of this appeal.

{¶6} On May 31, 2011, Appellant moved the trial court to withdraw her plea of guilty. Via Judgment Entry of October 14, 2011, the trial court denied the motion.

{¶7} Appellant now appeals, assigning as error:

{¶8} "I. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIONS WHEN THE TRIAL COURT DENIED HER MOTION TO WITHDRAW HER PLEA."

{¶9} Crim. R. 32.1 governs the withdrawal of a guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶10} An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse of discretion standard. *State v. Francis,* 104 Ohio St.3d 490, 820 N.E.2d 355, 2004–Ohio–6894.

{¶11} On October 4, 2010, Appellant appeared before the trial court and entered a plea of guilty to the one count set forth in the indictment. In the Change of Plea form, executed by Appellant, the State agreed to recommend Appellant "be placed on Community Control and submit to an alcohol/drug evaluation by Pamela Wells-Exline, successfully complete any recommendations she may make." The plea agreement did not contain any agreement with regard to future proceedings. The trial court proceeded to accept Appellant's change of plea.

{¶12} On November 2, 2010, Appellant appeared before the trial court for sentencing. The trial court ordered Appellant serve a ten month prison sentence. Appellant did not appeal the sentence.

{¶13} Appellant repeatedly moved the trial court for judicial release. The State filed written responses on two occasions, on which it recounted the plea negotiations and deferred to the Court for ruling on Appellant's application for judicial release. On two occasions, the State maintains it did not have an opportunity to respond.

{¶14} Appellant then moved the trial court to withdraw the plea of guilty asserting breach of the plea bargain by the State. Appellant claims the State breached its promise to recommend community control by deferring to the trial court its determination of Appellant's application for judicial release rather than making an additional recommendation with respect thereto.

{¶15} A review of the written plea agreement provides there was not an agreement between the State and Appellant as to a recommendation for judicial release after sentencing. The State read the terms of the agreement into the record and the Court reviewed the entire plea agreement with Appellant. The Court indicated to Appellant it was not bound by the terms of the agreement and could order any sentence authorized by law. The plea agreement addressed only the joint recommendation for purposes of sentencing. It did not address either party's responsibility in the event the Court did not abide by their agreement or in the event Appellant was placed on community control and violated the terms thereof.

{¶16} Based on the foregoing, we find Appellant has not demonstrated the State breached the terms of the plea agreement and the trial court did not abuse its discretion in denying Appellant's motion to withdraw plea.

{¶17} The October 14, 2011 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TRACY J. HILL | : | |
| | : | |
| Defendant-Appellant | : | Case No. CT11-0061 |

For the reasons stated in our accompanying Opinion, the October 14, 2011 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

s/ John W. Wise_____
HON. JOHN W. WISE