[Cite as *State v. Htoo*, 2018-Ohio-832.]

STATE OF OHIO      )                     IN THE COURT OF APPEALS
)ss:                NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

| STATE OF OHIO | C.A. No. 28635 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KA TRAY HTOO | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 2015 CRB 03468 |

DECISION AND JOURNAL ENTRY

Dated: March 7, 2018

HENSAL, Presiding Judge.

{¶1} Ka Tray Htoo appeals an order of the Stow Municipal Court that denied his motion to withdraw his guilty plea. For the following reasons, this Court reverses.

I.

{¶2} According to Mr. Htoo, he is a refugee from Myanmar and was admitted into the United States in 2011. In 2015, he pleaded guilty to one count of using a weapon while intoxicated and one count of improper handling of a firearm. According to Mr. Htoo, after he was convicted, he was notified by the immigration court that his offenses made him deportable. He, therefore, moved to vacate his convictions and reopen his case. Specifically, he argued that the municipal court failed to provide him with the notifications required under Revised Code Section 2943.031 before it accepted his guilty plea. The court denied his motion because it found that it would not have proceeded with the hearing unless someone who spoke Mr. Htoo's language was available to assist Mr. Htoo or unless Mr. Htoo was proficient enough in English

for the hearing to proceed. The court also found that, even though the recording of Mr. Htoo's plea hearing had been erased, it had reviewed all of Mr. Htoo's rights before it accepted his guilty plea, including the ramifications of a conviction for a non-citizen. It also found that, since Mr. Htoo had waited over a year to file his motion, it would unfairly prejudice the State to grant the motion simply because there was no longer a record of the plea colloquy. Mr. Htoo has appealed, assigning two errors.

## II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA FOR LACK OF SUBSTANTIAL COMPLIANCE WHERE THE COURT DETERMINED THAT IT WOULD UNFAIRLY PREJUDICE THE STATE SINCE THE RECORD WAS DESTROYED.

{¶3} Mr. Htoo argues that the municipal court incorrectly denied his motion to withdraw his guilty plea. He argues that he is entitled to withdraw his plea because the court failed to advise him of the immigration repercussions it could have.

{¶4} Section 2943.031(A) provides that, before accepting a guilty plea, the court shall address the defendant personally and give him a specific advisement regarding the consequences his plea might have regarding his immigration status. Section 2943.031(D) provides that, if the court fails to provide the advisement described in subsection (A),

the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty * * * [if] the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

{¶5} "In most circumstances, motions to withdraw guilty * * * pleas are subject to the standards of Crim.R. 32.1, which requires that after sentencing has occurred, a defendant must

demonstrate 'manifest injustice' before a trial court should permit withdrawal of the plea." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 26, quoting Crim.R. 32.1. Section 2943.031(D)'s criteria, however, substitute for the manifest injustice standard if the section applies. *Id*. The "four specifically mentioned statutory criteria [are]: (1) the court failed to provide the warning, (2) the warning was required, (3) the defendant is not a United States citizen, and (4) the conviction 'may result' in deportation, exclusion, or denial of naturalization." *Id*. at ¶ 37.

{¶6} This Court reviews "a trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard." *Id*. at ¶ 32. If a motion is premised on Section 2943.031(D), "the standards within that rule guide the trial court's exercise of discretion." *Id*. at ¶ 33. "The exercise of discretion * * * applies to the trial court's decision on *whether* the R.C. 2943.031(D) elements have been established * * *, not generally to the trial court's discretion once the statutory provisions have been met." (Emphasis sic.) *Id*. The Ohio Supreme Court has also allowed trial courts to consider the timeliness of the defendant's motion and prejudice to the State in determining whether to grant a motion to withdraw under Section 2943.031(D). *Id*. at ¶ 40.

{¶7} The State acknowledges that Mr. Htoo met three of Section 2943.031(D)'s requirements, but argues that he did not establish that the municipal court failed to give him the advisement required under Section 2943.031(A). Mr. Htoo argues that, because the recording of the plea colloquy has been destroyed, there is a presumption under Section 2943.031(E) that he did not receive the advisement. That subsection provides that, "[i]n the absence of a record that the court provided the advisement described in division (A) of this section and if the advisement

is required by that division, the defendant shall be presumed not to have received the advisement." R.C. 2943.031(E).

{¶8} The municipal court did not acknowledge this presumption in its decision. Instead, it relied on its "written sentencing notes" and found that it had reviewed "the ramifications of a conviction for a non-citizen" before accepting Mr. Htoo's plea. The court's written notes, however, were not part of the municipal court record. *See State v. Bayliff*, 3d Dist. Auglaize No. 2-10-08, 2010-Ohio-3944, ¶ 27 ("[I]t was impermissible for the trial court to consider evidence outside the record and conduct its own investigation of the facts."). In addition, it is not known whether the advisements the court allegedly gave Mr. Htoo substantially complied with Section 2943.031(A). *See Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, at ¶ 48. Upon review of the record, there is nothing in it that supports the municipal court's finding that it properly informed Mr. Htoo of all of his rights before accepting his plea.

{¶9} The trial court also referred to the timing of Mr. Htoo's motion in its decision, writing that, "[h]aving waited nearly one and a half years to bring this motion unfairly prejudices the State which cannot now produce a record of the colloquy before the defendant and the court." In *Francis*, the Ohio Supreme Court agreed that a trial court could consider the timeliness of a motion to withdraw. It explained that the reason the State might be prejudiced, however, is "that evidence will become stale and * * * witnesses will be unavailable." *Id*. at ¶ 40. It also explained that the State has an interest in maintaining the finality of a conviction that "has been considered a closed case for a long period of time." *Id*. It noted, however, that "in some cases even a considerable delay in filing the motion to withdraw will not be a factor supporting denial of the motion, such as when the immigration-related consequences of the plea and resulting conviction did not become evident for some time after the plea was entered." *Id*. at ¶ 42.

{¶10}  According to Mr. Htoo, in January 2017, he received a notice to appear before the Immigration Court.  He filed his motion to vacate on March 2, 2017.  The municipal court did not analyze whether Mr. Htoo waited too long to file his motion after he received a notice to appear.  Instead, it considered only the amount of time that had passed since his convictions.  According to Mr. Htoo, however, he did not learn about the immigration consequences of his guilty plea until two months before he filed his motion.  There is also nothing in the record that suggests that the State's underlying case against Mr. Htoo has been affected by Mr. Htoo's delayed motion.  Accordingly, upon review of the record, we conclude that the municipal court abused its discretion when it denied Mr. Htoo's motion on the record before it.  Mr. Htoo's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FINDING THAT A WRITTEN IMMIGRATION WARNING ON A PLEA FORM CONSTITUTES SUBSTANTIAL COMPLIANCE.

{¶11}  Mr. Htoo also argues that the municipal court incorrectly supported its finding that it had complied with Section 2943.031(A) by pointing to a written waiver he had initialed.  In light of this Court's resolution of Mr. Htoo's first assignment, we conclude that this issue is premature.  We, therefore, decline to consider it at this time.

## III.

{¶12}  Mr. Htoo's first assignment of error is sustained.  His second assignment of error is premature.  The judgment of the Stow Municipal Court is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JONATHAN A. BARTELL, Attorney at Law, for Appellant.

AMBER K. ZIBRITOSKY, Law Director, for Appellee.