{¶ 90} I must respectfully dissent from the majority, for it is clear a rule established by the Supreme Court of Ohio has been violated in this matter. Prior to sentencing, Greenleaf, pursuant to Crim.R. 32.1, made motions to withdraw his guilty plea. Without a hearing, the trial court summarily dismissed the motions and went directly to sentencing. Such a procedure is contrary to law.
 {¶ 91} The earlier Crim.R. 11 change of plea hearing could only be called "brief" and even included a comment by defense counsel that the defendant "was prepared to waive" numerous constitutional rights. While such an accommodation to the court's schedule is certainly permissible in some situations, it becomes problematic when that same defendant subsequently wants to assert those very same rights.
 {¶ 92} When Greenleaf attempted to withdraw his plea, prior to imposition of sentence, the court never inquired into the validity of the earlier pleas, the reasons for the withdrawal, or Greenleaf's competency at either encounter. I strongly disagree with the majority's conclusion that the trial court's brief explanation at the sentencing hearing for its denial of Greenleaf's motion constitutes a full and impartial hearing on the motion. This meager record deprives an appellate court of the ability to review the rationale of the motion. It is not possible, based upon the record before this court, to determine the validity of the change of plea or the validity of the motions to withdraw that same plea.
 {¶ 93} As stated by the Supreme Court of Ohio:
 {¶ 94} "However, in this case, when ruling on appellant's motion to withdraw the plea, the trial court failed to hold a hearing and also failed to explain its reasoning. Consequently, consistent with our discussion above regarding our inability to discern whether the trial court ruled against appellant on timeliness grounds, we have no way of knowing whether the trial court even reached the issue of substantial compliance.
 {¶ 95} "There is no specific requirement to hold a hearing in this situation. However, it sometimes is difficult for an appellate court to review a trial court's ruling on a motion to withdraw a plea to determine whether an abuse of discretion occurred when no hearing was held.
 {¶ 96} "In State v. Xie,[3] this court acknowledged the importance of a hearing to aid in developing a record that could be examined by a reviewing court to determine whether a trial court properly exercised its discretion in ruling on a motion to withdraw a plea. Xie stands for the proposition that,unless it is clear that denial of the motion is warranted, atrial court should hold a hearing."[4]
 {¶ 97} I readily acknowledge that the right to withdraw a plea is not absolute. However, prior to sentencing, absent a showing that the state of Ohio has been prejudiced, a motion to withdraw a guilty plea is to be granted freely.[5] To hold otherwise is to elevate expedience over justice.
 {¶ 98} Greenleaf twice informed the court that he wished to withdraw his guilty plea. At a minimum, the trial court was required to conduct a hearing to determine the merits of Greenleaf's motions. Instead, the trial court summarily overruled the motions. The judgment of the trial court should be reversed, and this matter should be remanded to the trial court to conduct a hearing on Greenleaf's motions to withdraw his guilty plea.
[3] State v. Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus.
[4] (Emphasis added.) State v. Francis, 104 Ohio St.3d 490,2004-Ohio-6894, at ¶ 49-51.
[5] See State v. Xie, 62 Ohio St.3d at 527.