OPINION
{¶ 1} Appellant, David Vaughn, appeals from the judgment of the trial court overruling his motion to withdraw his former guilty pleas and his motion for a "new trial." The facts surrounding Vaughn's convictions are set out in his brief and are as follows:
 {¶ 2} On September 1, 2004, the Montgomery County Grand Jury indicted *Page 2 
Vaughn on four (4) charges including: one (1) count of Aggravated Burglary, in violation of Section 2911.11(A)(2) of the Ohio Revised Code, with a firearm specification in violation of Sections 2929.14 and 2841.145 of the Ohio Revised Code; one (1) count of Aggravated Robbery in violation of Section 2911.01(A)(1) of the Ohio Revised Code, with a firearm specification in violation of Sections 2929.14 and 2841.145 of the Ohio Revised Code; and two (2) counts of Aggravated Murder in violation of Section 2903.01(B) of the Ohio Revised Code, with firearm specifications in violation of Sections 2929.14 and 2841.145 of the Ohio Revised Code. On January 7, 2005, the appellant withdrew his former pleas of not guilty and entered his pleas of guilty to the charges as outlined above. Three weeks later, Vaughn took the witness stand at Joseph Taylor's trial and told the jury how he, Taylor and two others broke into Vernon Brown's home intending to force him to give them the combination to his safe. The robbery was a botched job; Brown either couldn't or wouldn't give up the combination, so the men ransacked his house, grabbed what they could, and shot and killed Brown on their way out. According to Vaughn's testimony, he shot Brown twice with a .38 caliber revolver, and handed the gun to Taylor, who shot him four more times. See State v. Taylor, Montgomery App. No. 20944, 2006-Ohio-843.
 {¶ 3} On April 26, 2005, the trial court sentenced the appellant to serve five (5) years on Count I contained in the indictment, namely Aggravated Burglary, to be served consecutive to Counts II, III, and IV. The trial court sentenced the appellant to serve five (5) years on Count II of the indictment, namely Aggravated Robbery, to be served *Page 3 
consecutively to Counts I, III, and IV. On Counts IV and V, namely Aggravated Murder, the trial court sentenced the appellant to serve life in prison. These counts were merged. Further, the trial court sentenced the appellant to serve three (3) years for each firearm specification contained in the indictment after Counts I, II, III and IV. The sentence on each of the firearm specifications was to be served consecutively to each other and prior to the definite prison term.
 {¶ 4} On May 12, 2005, the appellant filed a notice of appeal. On January 31, 2006, this Court ruled that the trial court erred in sentencing the appellant to serve the sentence on each of the firearm specifications consecutive to each other and remanded the matter to the trial court so that it could impose a single three-year firearm specification. This Court affirmed the judgment of the trial court in all other respects. On June 5, 2007, the appellant filed a motion to withdraw his guilty pleas, a motion for new trial based on newly discovered evidence, and requested an evidentiary hearing. On July 2, 2007, the appellant filed his brief in support of his motions. On August 2, 2007, the trial court denied the appellant's motions without conducting an evidentiary hearing.
 {¶ 5} In his sole assignment, Vaughn argues the trial court abused its discretion in denying his motions without conducting an evidentiary hearing. Vaughn contends that he was prepared to present evidence that three of the State's witnesses, Ashley Schulte, Jesse Schulte, and Tommy Wittenberg, were under the influence of illegal drugs when they testified before the grand jury. Vaughn further argues that he was *Page 4 
prepared to present evidence that another witness, Krystle Ballard, had stated that he was not present at the time the co-defendants planned the murder of Vernon Brown. Further, Appellant contends he testified previously in his co-defendant Joseph Taylor's trial to avail himself of a plea bargain offered by the State.
 {¶ 6} The State argues that Vaughn's assignment should be overruled because the trial court strictly complied with Crim. 11, and Vaughn presented no credible claim that his pleas were not voluntarily entered. Secondly, the State argues that Vaughn presented no evidentiary material to support his claim about newly discovered evidence. Lastly, the State argues he could not have produced such materials because his own prior testimony at Joseph Taylor's trial proves he was an active participant in the aggravated burglary, aggravated robbery, and murder of Vernon Brown.
 {¶ 7} In denying Vaughn's motion without a hearing, the trial court noted that even if three of the State's witnesses were under the influence of cocaine such that they were incompetent to testify before the grand jury, the validity of Vaughn's indictment would not be affected. Secondly, the trial court noted the discovery of Ms. Ballard's statement is not an extraordinary circumstance that demonstrated a manifest injustice because Ms. Ballard's testimony was available from the discovery material provided by the State. Finally, the court noted that Vaughn testified at Joseph Taylor's trial that he shot the victim twice as he and Taylor were leaving the victim's house. The trial court also denied Vaughn's motion for a "new trial" because no previous trial was conducted because Vaughn pleaded guilty to the charges against him. *Page 5 
 {¶ 8} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.
 {¶ 9} In State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, the Ohio Supreme Court held that unless denial of the motion to withdraw is clearly warranted, a trial court should conduct a hearing. See State v.Francis, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, at ¶ 51. An indictment valid on its face cannot be challenged on the ground the grand jury acted on inadequate or incompetent evidence or information obtained in violation of the accused's Fifth Amendment rights. State v.Baker (2000), 137 Ohio App.3d 628, 645, 739 N.E.2d 819, quotingUnited States v. Calandra (1974), 414 U.S. 338, 344-45, 94 S.Ct. 613, 38 L.Ed.2d 561.
 {¶ 10} Vaughn states in his motion that witness Krystle Ballard, who testified in the Joseph Taylor trial, would testify at the motion hearing that Vaughn was not present when the co-defendants planned the murder of the victim Vernon Brown. There is, however, no allegation that Ballard testified differently at Taylor's trial. In fact, Ms. Ballard testified at the Joseph Taylor trial that she only overheard Vaughn, Taylor, and *Page 6 
Sage talk about breaking into Vernon Brown's safe. In any event, Vaughn was not charged with pre-meditated murder. He was charged with felony murder, that is, the purposeful killing of Brown while in the perpetration of a felony.
 {¶ 11} In short, the denial of Vaughn's motion was clearly warranted without regard to the necessity of hearing on his motion. Appellant's motion for a new trial was properly overruled by the trial court because Appellant was never previously tried. The appellant's assignment of error is Overruled. The Judgment is Affirmed.
 WOLFF, P.J., and GRADY, J., concur. *Page 1