OPINION
{¶ 1} Defendant-appellant, Eduardo L. Diaz, appeals a decision of the Fairfield Municipal Court denying his R.C. 2943.031 motion to withdraw his plea of guilty to charges of violating a civil protection order.
 {¶ 2} R.C. 2943.031, effective Oct. 2, 1989, provides, in pertinent part:
 {¶ 3} "(A) * * * [P]rior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor *Page 2 
misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement: `If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'"
 {¶ 4} On September 1, 2001, appellant was arrested and charged with violating a civil protection order, operating a vehicle without an operator's license, and an open container violation. Because the violation of the civil protection order is a deportable offense under Section 1227(a)(2)(E)(ii), Title 8, United States Code, that is the offense that is at issue in this appeal.
 {¶ 5} Appellant was arraigned in the Fairfield Municipal Court on September 4, 2001. During the arraignment hearing, the following dialogue occurred:
 {¶ 6} "THE COURT: * * * Do you understand the nature of the charges and the potential penalties? Yes?
 {¶ 7} "THE DEFENDANT: Yes.
 {¶ 8} "THE COURT: Did you hear and understand your constitutional rights?
 {¶ 9} "THE DEFENDANT: I don't — I don't, I'm not much English, much English.
 {¶ 10} "THE COURT: * * * Give him his rights in Spanish. Are you a U.S. citizen?
 {¶ 11} "THE DEFENDANT: No.
 {¶ 12} "THE COURT: Give him an advisement also. Take your time and read them over." *Page 3 
 {¶ 13} Conversation occurred on the record between officers of the court while the rights and advisements were given to appellant to read and sign. The dialogue continued as follows:
 {¶ 14} "THE COURT: Okay. You've had an opportunity to review your rights in Spanish, did you understand your rights?
 {¶ 15} "THE DEFENDANT: Yeah.
 {¶ 16} "THE COURT: And you've read over in Spanish the advisement as to the consequences of not being a U.S. citizen?
 {¶ 17} "THE DEFENDANT: I'm — I'm legal here.
 {¶ 18} "THE COURT: Okay. Are you a citizen of the United States?
 {¶ 19} "THE DEFENDANT: Yeah, resident.
 {¶ 20} "THE COURT: Okay. Then you're not a citizen, you're a resident?
 {¶ 21} "THE DEFENDANT: Yeah.
 {¶ 22} "THE COURT: And you understand the advisement?
 {¶ 23} "THE DEFENDANT: Yeah."
 {¶ 24} On February 21, 2002, appellant appeared with his court-appointed counsel and the trial court accepted a plea of guilty to the charge of violating a civil protective order. In 2005, appellant began proceedings to obtain a green card, and in 2006 his counsel discovered the conviction and reported to appellant that the conviction made appellant deportable under federal law. Appellant thereafter filed a motion with the trial court to withdraw his plea of guilty under R.C.2943.031(D), which provides:
 {¶ 25} "Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to *Page 4 
provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 26} In the alternative, appellant asked the court to permit him to withdraw his guilty plea pursuant to Crim.R. 32.1, Crim.R.11, or theSixth Amendment to the United States Constitution, or because he had received ineffective assistance of counsel during his plea hearing. The State did not oppose the motion.
 {¶ 27} The trial court denied appellant's motion for leave to withdraw his guilty plea. The trial court stated that it had complied with the statute by providing appellant with a written advisement of the immigration consequences of the charges at his arraignment hearing. The trial court went on to state that even if the advisement was considered deficient, appellant would be unable to show that he was prejudiced. The trial court identified prejudice as a determination of whether the plea would have been made despite the trial court's failure to substantially comply with the statute. In support of this proposition, the trial court cited State v. Johnson (1988), 40 Ohio St.3d 130, 134.
 {¶ 28} From this decision, appellant appeals raising four assignments of error. All four assignments of error argue that the court erred when it denied appellant's motion to withdraw his guilty plea. Appellant's first assignment of error states:
 {¶ 29} "THE TRIAL COURT ERRED WHEN IT DENIED MR. DIAZ'S UNOPPOSED MOTION FOR LEAVE TO WITHDRAW HIS PLEA OF GUILTY PURSUANT TO R.C. § 2943.031."
 {¶ 30} An appellate court reviews a trial court's decision to deny a motion to withdraw a plea under an abuse-of-discretion standard.State v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 32. *Page 5 
However, "the extent of the trial court's exercise of discretion on a motion to withdraw a plea is determined by the particular provisions that govern the motion under which the defendant is proceeding and the case law interpreting those provisions." Id. at ¶ 33. The Ohio Supreme Court has stated that this requires that "a defendant seeking relief under R.C. 2943.031(D) must make his or her case before the trial court under the terms of that statute, that the trial court must exercise its discretion in determining whether the statutory conditions are met, and that an appellate court reviews a trial court's decision on the motion under an abuse-of-discretion standard in light of R.C. 2943.031(D)." Id. at ¶ 36.
 {¶ 31} R.C. 2943.031(D) clearly outlines the statutory conditions that must be met for the trial court to set aside the judgment and permit withdrawal of the guilty plea. It states that the trial court"shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty * * * if * * * the court fails to provide the defendant the advisement * * *, the advisement is required * * *, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Id. (Emphasis added.)
 {¶ 32} The trial court stated that appellant failed to meet the first of the statutory criteria regarding the court providing the advisement. The trial court determined that the advisement given to appellant at the arraignment was sufficient to meet the burden under the statute. We find that the court abused its discretion when it made this determination. The Supreme Court in Francis first stated that a verbatim recitation of the language contained in the statute is required under the plain language of the statute. Francis at paragraph one of the syllabus. But in an effort not to elevate form over substance, the court adopted a substantial compliance standard. Id. at paragraph two of the syllabus. However, an explicit *Page 6 
limitation of the substantial compliance standard is that the trial court may only reach substantial compliance if "some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted." Id. Appellant received no such warningat the time that his plea was accepted. He only received the advisement at his arraignment. As such, the trial court should not have reached the issue of substantial compliance. Appellant met all four requirements of the statute, and according to the rule of law established by the Ohio Supreme Court in Francis, he was entitled to withdraw his guilty plea.
 {¶ 33} We note for the record that the trial court's second reason for denying the motion, that appellant failed to show prejudice, fails for the same reason. In Francis, the Supreme Court defined substantial compliance as whether "`under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * The test is whether the plea would have otherwise been made.'" Francis at ¶ 48, citing State v. Nero (1990),56 Ohio St.3d 106, 108. As such, prejudice is a test of substantial compliance, an issue that, as we stated above, the trial court should never have reached. Id.
 {¶ 34} Because we find appellant's argument with respect to this assignment of error persuasive, we find it unnecessary to reach appellant's other assignments of error. The judgment of the Fairfield Municipal Court denying appellant's motion to withdraw his guilty plea is reversed. Appellant's motion for leave to withdraw his guilty plea is hereby granted. The cause is remanded to the trial court for proceedings in accordance with law and consistent with this opinion.
 BRESSLER, P.J., and POWELL, J., concur. *Page 1