[Cite as *State v. Velazquez*, 2016-Ohio-875.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-05-091 |
| | : | O P I N I O N |
| - vs - | | 3/7/2016 |
| | : | |
| MARTHA VELAZQUEZ, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case No. 2005 CRB 01377


Stephen J. Wolterman, Fairfield City Prosecutor, 530 Wessel Drive, Suite 2A, Fairfield, Ohio 45014, for plaintiff-appellee

McKinney & Namei Co., LPA, Michael L. Tudor, Paul W. Shonk, Firooz T. Namei, 15 East Eighth Street, Cincinnati, Ohio 45202, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Martha Velasquez, appeals a decision of the Fairfield Municipal Court denying her R.C. 2943.031 motion to withdraw her guilty plea to a domestic violence charge. For the reasons outlined below, we reverse and remand.

{¶ 2} Appellant was charged with domestic violence after an altercation with her live-in boyfriend at their home. In July 2005, she pled guilty to the first-degree misdemeanor as

part of her participation in a pretrial diversion program. The charge was dismissed upon appellant's successful completion of the program in September 2005.

{¶ 3} Nearly a decade later, appellant was preparing for an upcoming immigration hearing when she learned that her 2005 guilty plea subjected her to deportation. In April 2015, appellant filed a motion to withdraw her guilty plea or vacate the plea and subsequent conviction and sentence. Following a hearing, the municipal court summarily denied the motion. This appeal followed.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR LEAVE TO WITHDRAW PLEA AND/OR TO VACATE THE PLEA AND SUBSEQUENT CONVICTION AND SENTENCE UNDER R.C. 2943.031.

{¶ 6} We review a trial court's decision on a motion to withdraw a plea for an abuse of discretion. *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 32. The extent of the trial court's discretion is dependent upon the basis for the withdrawal motion. When the movant is a United States citizen, the trial court's discretion is confined to the manifest-injustice standard contained in Crim.R. 32.1. *Id.* at ¶ 33. Where, as here, the movant is a noncitizen filing for relief under R.C. 2943.031(D), the standards contained within the statute govern the trial court's decision. *Id.*

{¶ 7} R.C. 2943.031(A) requires that a trial court personally address a defendant and advise him or her of certain immigration consequences before accepting a guilty or no contest plea. These consequences include the possibility of deportation, exclusion from admission to the United States, and the denial of naturalization. *Id.* The trial court is tasked with ensuring that the defendant understands these potential consequences prior to accepting the plea. *Id.* If the statutory requirements are not met, a defendant may seek relief under R.C. 2943.031(D), which provides:

> Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

In the absence of a record commemorating the advisement, R.C. 2943.031(E) codifies a presumption that the advisement was not administered.

{¶ 8} In her sole assignment of error challenging the municipal court's denial of her withdrawal motion, appellant raises three issues for our consideration. First, we address appellant's contention that the advisement required by R.C. 2942.031(A) applies to pleas made for the purpose of diversion even where the case has been dismissed with prejudice.

{¶ 9} Appellate courts in Ohio have not uniformly addressed whether R.C. 2943.031 applies to cases of diversion. Under facts similar to those in the case at bar, the Eleventh District Court of Appeals denied a noncitizen criminal defendant relief. *Willoughby Hills v. Qasim*, 11th Dist. Lake No. 2006-L-199, 2007-Ohio-2860. Qasim was a noncitizen charged with domestic violence. Pursuant to a diversion agreement, he entered a plea of no contest. The trial court neglected to administer the R.C. 2943.031(A) advisement at the time Qasim entered his plea.

{¶ 10} Following Qasim's successful completion of the diversion program, the domestic violence charge was dismissed. Five years later, he moved to vacate his no contest plea after learning it may serve as the basis for deportation. The Eleventh District upheld the trial court's denial of the motion, reasoning that there was no case pending or in existence once the charge was dismissed. *Id.* at ¶ 20. While the appellate court acknowledged that the federal government may pursue deportation proceedings against

- 3 -

Qasim based upon the dismissed conviction, the court lamented that such action "would create a manifest injustice which this appellate court is powerless to correct." *Id.*

{¶ 11} Confronting another analogous case, the Eighth District Court of Appeals declined to follow *Qasim*. *State v. Jukic*, 8th Dist. Cuyahoga No. 101663, 2015-Ohio-2695. Jukic, a noncitizen criminal defendant, pled guilty to a drug charge as a condition of intervention in lieu of conviction. Successful completion of rehabilitation would result in dismissal of the charge. When Jukic was informed that his provisional guilty plea would operate as grounds for deportation, he sought to withdraw the plea. The trial court denied the motion and dismissed the charge against him.

{¶ 12} On appeal the Eighth District reversed, finding Jukic would be entitled to relief even if he had sought to withdraw his guilty plea after the charge was dismissed. *Id.* at ¶ 13. The court cited its prior ruling in support, recognizing that

> some dismissals of a defendant's case were so contrary to a defendant's rights that those dismissals were orders affecting a substantial right and determined the action and prevented a judgment even if a criminal case against a defendant had been dismissed.

*Jukic* at ¶ 13 (summarizing *State v. Eberhardt*, 56 Ohio App.2d 193 [8th Dist.1978]). The Eighth District went on to find:

> Jukic falls within the *Eberhardt* exception because there was a constitutional right implicated – the dismissal of the criminal charge in this case came at the expense of Jukic's statutory right as a noncitizen to be advised that his guilty plea might have deportation consequences. The court's failure to provide that statutory right affected Jukic's constitutional right to make a knowing, intelligent, and voluntary plea.

*Jukic* at ¶ 15. *See also State v. Shearman*, 12th Dist. Clermont No. CA89-09-078, 1990 WL 55681, *1 (Apr. 30, 1990) (recognizing the *Eberhardt* exception).

{¶ 13} The case at bar is also amenable to the *Eberhardt* exception. The municipal court dismissed the charge against appellant, affecting her substantial right to raise defects in

- 4 -

her guilty plea that render her susceptible to deportation by the federal government. *Jukic* at ¶ 15. Thus, appellant's placement in the diversion program and the subsequent dismissal of the charge against her should not prevent her from seeking relief under R.C. 2943.031(D).

{¶ 14} Next, we address appellant's argument that the record is devoid of evidence that the municipal court complied with its statutory duty to personally advise her of the immigration consequences of her guilty plea. The Ohio Supreme Court sanctioned a "substantial compliance" approach when reviewing whether a trial court complied with the notification requirements contained in R.C. 2943.031(A). *Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894 at ¶ 45-46. After thoroughly reviewing the record in the case at bar, however, we find that the municipal court failed to satisfy this standard.

{¶ 15} At her June 2005 arraignment, appellant signed a typewritten document entitled "Adviso Legal/Advisement." The document stated in its entirety:

> If you are not a citizen of the United States you are hereby advised that your conviction of the offense to which you are pleading guilty (or no contest, when applicable) may the [sic] have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

The same paragraph was reproduced in Spanish at the top of the document. The record further reflects that an interpreter was present at the arraignment and at appellant's plea hearing in July 2005. Neither proceeding was transcribed or otherwise recorded, however.

{¶ 16} This court previously reversed a decision by the Fairfield Municipal Court denying a defendant's motion to withdraw his guilty plea where the court employed a written advisement of immigration consequences. *State v. Diaz*, 12th Dist. Butler No. CA2006-12-314, 2007-Ohio-6033. A written advisement, without more, is not sufficient to demonstrate substantial compliance with R.C. 2943.031(A). *See id. See also State v. Yanez*, 150 Ohio App.3d 510, 2002-Ohio-7076 (1st Dist.). The typewritten acknowledgement form signed by

appellant does not contain adequate detail from which we may ascertain whether the municipal court substantially complied with R.C. 2943.031(A). Specifically, the form does not reflect that the court personally addressed appellant concerning the immigration consequences of her plea or that appellant understood those consequences.

{¶ 17} As the record stands, it is impossible for us to determine what advisement, if any, was administered prior to the municipal court's acceptance of appellant's guilty plea. Thus, in accordance with R.C. 2943.031(E), appellant is entitled to a presumption that the R.C. 2943.031(A) advisement was not administered. The typewritten advisement form does not constitute a "record" sufficient to rebut this presumption, nor does the state offer any other evidence to defeat the presumption.

{¶ 18} Finally, regarding the timeliness of the withdrawal motion, appellant asserts that the motion was filed soon after she learned of the threat of deportation. Appellant further argues that the state did not suffer prejudice as a result of any delay in her filing of the motion.

{¶ 19} The Ohio Supreme Court ruled that timeliness and prejudice to the state are relevant factors for a trial court to consider in exercising its discretion to afford relief under R.C. 2943.031(D). *Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894 at ¶ 34. The state emphasizes the fact that appellant's motion was filed ten years after she entered her guilty plea. Nonetheless, appellant filed the motion within weeks of discovering she was susceptible to deportation while preparing for an imminent immigration hearing. Moreover, timeliness is not reason in and of itself to justify the denial of a withdrawal motion. *Id.* at ¶ 41. *See also State v. Contreras*, 6th Dist. Huron No. H-10-024, 2011-Ohio-4736 (15-year delay); *State v. Schlaf*, 8th Dist. Cuyahoga No. 90825, 2008-Ohio-6151 (11-year delay).

{¶ 20} Furthermore, contrary to the state's arguments, any prejudice suffered by the state in granting appellant relief is minimal. Appellant's guilty plea is functionally null and

void. She completed the diversion program. The municipal court was satisfied that the intervention sufficiently rehabilitated appellant, decreasing the likeliness that she would reoffend in the future. Indeed, there is no evidence that appellant committed another violent act over the past decade.

{¶ 21} We conclude that the municipal court abused its discretion in denying appellant's R.C. 2943.031(D) motion to withdraw her guilty plea. Appellant's sole assignment of error is sustained.

{¶ 22} The judgment of the municipal court denying appellant's motion to withdraw her guilty plea is reversed. Appellant's motion for leave to withdraw her guilty plea is hereby granted. The cause is remanded to the municipal court for proceedings in accordance with the law and consistent with this opinion.

{¶ 23} Reversed and remanded.

M. POWELL, P.J., and HENDRICKSON, J., concur.