[Cite as *State v. Reyes*, 2016-Ohio-2771.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2015-06-113 |
| Plaintiff-Appellee, | : | CA2015-06-114 |
| | | CA2015-06-115 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 5/2/2016 |
| JOSE REYES, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case Nos. 00CRB04609, 03CRB04635-A, 05CRB00166


Neal D. Schuett, 345 High Street, 2nd Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Blake P. Somers, LLC, Sarah E. Mosher, 114 East 8th Street, Cincinnati, Ohio 45202, for defendant-appellant


**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Jose Reyes, appeals a decision from the Hamilton Municipal Court denying his motion to withdraw his no contest pleas. For the reasons stated below, we affirm the decision of the trial court.

{¶ 2} Reyes is a Mexican citizen and was granted permanent residency status in the United States in 1998. In 2000, Reyes pled no contest and was convicted in Hamilton Municipal Court for soliciting. Reyes was also convicted of passing bad checks in 2003 and

resisting arrest in 2005 after entering no contest pleas in Hamilton Municipal Court.

{¶ 3} On March 3, 2015, Reyes was contacted by immigration authorities and issued a notice to appear for removal proceedings due to his 2000, 2003, and 2005 convictions. One month later, Reyes filed a motion to withdraw his no contest pleas pursuant to R.C. 2943.031(D). Reyes alleged that at the time of his pleas, the trial court did not provide him with the admonishment required by R.C. 2943.031(A), that a conviction for the offense may have immigration consequences.

{¶ 4} The trial court held a hearing regarding Reyes' motion. At the hearing, Reyes testified that the trial court did not inform him of the potential immigration consequences of a conviction during his 2000 soliciting, 2003 bad checks, and 2005 resisting arrest cases. He explained that if the trial court had informed him that his pleas could have affected his immigration status, he would not have entered no contest pleas. Reyes also acknowledged that in 2013, he consulted with an attorney who informed him that these convictions could result in deportation.

{¶ 5} After the presentation of the evidence, the trial court denied Reyes' motion to withdraw his pleas. The court stated there was no indication that Reyes was given a R.C. 2943.031(A) admonishment in any of his three cases. However, the court found Reyes' motion was not timely filed. In so holding, the court reiterated the importance of timely filing a motion to withdraw due to concerns regarding stale evidence, witness unavailability, and the state's interest in maintaining the finality of a conviction. The court noted that the pleas Reyes sought to withdraw were 15, 12, and 10 years old and found the motion was untimely because of "the age of the case," Reyes' "contact with other courts" in regards to convictions for operating a vehicle while under the influence, driving without a license, and driving with a suspended license, and that Reyes was aware "three years ago that [his no contest pleas]

could affect his immigration situation," yet he delayed in filing the motion to withdraw.

{¶ 6} Reyes now appeals, asserting three assignments of error. For ease of discussion, we will address the assignments of error together.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED IN CONSIDERING THE "TIMELINESS" OF MR. REYES' MOTIONS TO WITHDRAW HIS PLEAS.

{¶ 9} Assignment of Error No. 2:

{¶ 10} EVEN IF FOUND TO BE AN APPROPRIATE FACTOR FOR CONSIDERATION, THE TRIAL COURT ERRED IN FINDING THAT "TIMELINESS" ALONE WAS A SUFFICIENT BASIS ON WHICH TO DENY MR. REYES' MOTIONS.

{¶ 11} Assignment of Error No. 3:

{¶ 12} EVEN IF "TIMELINESS" IS FOUND TO BE AN APPROPRIATE DISPOSITIVE FACTOR, THE TRIAL COURT ERRED IN FINDING THAT MR. REYES' MOTIONS WERE NOT TIMELY.

{¶ 13} Reyes argues the trial court erred in denying his motion to withdraw his no contest pleas solely on the basis that the motion was untimely filed. Reyes asserts three arguments: (1) the timeliness of a motion to withdraw a plea is not a factor outlined in R.C. 2943.031(D); (2) the Ohio Supreme Court in *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, provided that a motion to withdraw a plea under R.C. 2943.031(D) cannot be denied based on timeliness alone; and (3) even if a motion can be denied solely due to untimeliness, Reyes' motion was not untimely.

**Standard of Review**

{¶ 14} An appellate court reviews a trial court's decision on a motion to withdraw a plea filed pursuant to R.C. 2943.031(D) for an abuse of discretion. *Francis* at ¶ 32. The

extent of the trial court's discretion applies to the court's decision on "whether the R.C. 2943.031(D) elements have been established (along with the factors of timeliness and prejudice * * *), not generally to the trial court's discretion once the statutory provisions have been met." *Id.* at ¶ 34. Therefore, "a defendant seeking relief under R.C. 2943.031(D) must make his or her case before the trial court under the terms of that statute, * * * the trial court must exercise its discretion in determining whether the statutory conditions are met, and * * * an appellate court reviews a trial court's decision on the motion under an abuse-of-discretion standard in light of R.C. 2943.031(D)." *Id.* at ¶ 36.

### R.C. 2943.031

{¶ 15} R.C. 2943.031(A) requires that a trial court personally address a defendant and advise him or her of certain immigration consequences before accepting a guilty or no contest plea. These consequences include the possibility of deportation, exclusion from admission to the United States, and the denial of naturalization. R.C. 2943.031(A). The trial court is tasked with ensuring that the defendant understands these potential consequences prior to accepting the plea. *Id.* If the statutory requirements are not met, a defendant may seek relief under R.C. 2943.031(D), which provides:

> Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

In the absence of a record commemorating the advisement, R.C. 2943.031(E) codifies a presumption that the advisement was not administered.

### *State v. Francis*

{¶ 16} In *Francis*, the Ohio Supreme Court issued a plurality decision addressing the applicable standard in ruling on a motion to withdraw a plea based on a trial court's alleged failure to comply with the warning required by R.C. 2943.031(A). 2004-Ohio-6894. The Supreme Court explained that when a trial court accepts a plea from a defendant who is not a citizen of the United States and the court does not give "verbatim the warning set forth in R.C. 2943.031(A)," the defendant may move to withdraw his guilty plea pursuant to R.C. 2943.031(D). *Id.* at ¶ 20-22. A defendant seeking relief under R.C. 2943.031(D) "must make his or her case before the trial court under the terms of the statute," and then the trial court must exercise its discretion in determining whether the statutory elements are met along with the factors of timeliness and prejudice. *Id.* at ¶ 34, 36.

{¶ 17} In regards to the timeliness of the defendant's motion, the Supreme Court stated, "[t]imeliness * * * is just one of many factors that the trial court should take into account" in determining whether to grant the motion. *Id.* at ¶ 40. Timeliness of the motion is a relevant consideration because "[t]he more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time." *Id.*

{¶ 18} However, the "timeliness" of a motion does not require a bright-line rule and instead depends on the particular facts of each case. *Id.* at ¶ 42. For example, a motion's untimeliness would not be a factor to support denying the motion when "the immigration-related consequences of the plea and resulting conviction did not become evident for some time after the plea was entered." *Id.* Other factors in a R.C. 2943.031(D) consideration are prejudice to the defendant and whether the warning given at the original plea hearing

"substantially complied with R.C. 2943.031(A)." *Id.* at ¶ 45, 48.

{¶ 19} Ultimately, in *Francis*, the Supreme Court found that under the particular facts of the case before it untimeliness, as a matter of law, was not a sufficient factor to deny the motion to withdraw. *Id.* at ¶ 41. Specifically, untimeliness was not sufficient to deny the motion when there was a nine-year delay in filing the motion to withdraw, the trial court did not hold a hearing, and the court summarily denied the motion. *Id.* The Court reasoned that in light of the strong policy expressed within R.C. 2943.031(D), "[i]t is too great a leap on this meager record to conclude, with no further inquiry, that [defendant's] delay in filing the motion was unreasonable as a matter of law." *Id.* The case was remanded to the trial court for further proceedings. *Id.* at ¶ 57.

## Discussion

{¶ 20} Reyes and the state both agree that because there is no record commemorating whether Reyes was given a R.C. 2943.031(A) admonishment during his plea hearings, there is, by law, a presumption that the admonishment was not given. R.C. 2943.031(E). Instead, the parties' arguments concern the factors the trial court should consider in ruling on a R.C. 2943.031(D) motion to withdraw when the defendant has not been given the R.C. 2943.031(A) admonishment. Reyes argues that *Francis* incorrectly interpreted R.C. 2943.031(D) and imposed a timeliness requirement, and even if *Francis* did not misinterpret the statute, a motion to withdraw a plea filed pursuant to R.C. 2943.031(D) cannot be denied solely because the motion was untimely.

{¶ 21} Reyes' first contention that this district should depart from the Ohio Supreme Court's binding precedent in *Francis* and find that the timeliness of a motion to withdraw filed pursuant to R.C. 2943.031(D) is irrelevant in a trial court's determination of whether to grant the motion, is meritless. It is axiomatic that a court of appeals must follow established Ohio

Supreme Court precedent. *State v. Baker*, 12th Dist. Warren No. CA2012-12-127, 2013-Ohio-2398, ¶ 40. In *Francis*, the Ohio Supreme Court clearly stated timeliness is a relevant consideration in determining whether to grant a R.C. 2943.031(D) motion to withdraw. *Francis* at ¶ 40.

{¶ 22} Similarly, we are not convinced by Reyes' argument that we should depart from *Francis* because the timeliness requirement "has fallen into disfavor" with the Eighth and Tenth Districts and has been limited to cases where some warning regarding immigration consequences was given at the plea hearing. *Mayfield Hts. v. Grigoryan*, 8th Dist. Cuyahoga No. 101498, 2015-Ohio-607; *State v. Walker*, 10th Dist. Franklin No. 14AP-723, 2015-Ohio-1240. As stated above, appellate courts must follow the Ohio Supreme Court's precedent. *Baker* at ¶ 40. Moreover, both *Grigoryan* and *Walker* are distinguishable from the case at bar because the issue of whether the motion was timely was not discussed in either case. *See Parma v. Lemajic*, 8th Dist. Cuyahoga No. 102620, 2015-Ohio-3888, ¶ 14 (timeliness not an issue in *Grigorgyan*; *Francis* not limited to cases where record shows some immigration consequences given at plea hearing).

{¶ 23} We also disagree with Reyes' argument that pursuant to *Francis*, a trial court may not deny a R.C. 2943.031(D) motion to withdraw a plea based on timeliness alone. In *Francis*, the Supreme Court held that the court of appeals erred in finding "that, as a matter of law, untimeliness, *here*, was a sufficient factor in and of itself to justify the trial court's decision to deny the motion." (Emphasis added.) *Francis* at ¶ 41. The Supreme Court's finding was based on the particular facts in *Francis*, i.e., the trial court's failure to hold a hearing on the defendant's motion, the court's failure to explain its denial of the motion in an entry, and the minimal advisement the defendant received regarding the immigration consequences of her plea at her original plea hearing. *Id.* at ¶ 41, 48, 56. The Supreme

Court reasoned that based on this "meager record," a nine-year delay in filing a motion to withdraw a plea was an insufficient basis alone to deny the motion. *Id.* at ¶ 41.

{¶ 24} However, the Supreme Court left open the possibility that based upon the particular circumstances of a case, a trial court may deny a motion to withdraw a plea filed pursuant to R.C. 2943.031(D) solely on the basis of timeliness. This is demonstrated by the Court's reasoning that depending on the particular facts, the timeliness of a motion to withdraw could be an important factor. For example, a "delay in filing the motion to withdraw will not be a factor supporting denial of the motion, such as when the immigration consequences of the plea and resulting conviction did not become evident for some time after the plea was entered." *Francis* at ¶ 42.

{¶ 25} Based on the particular facts of the present case, we find that the trial court did not abuse its discretion in denying Reyes' motion to withdraw his no contest pleas because the motion was untimely filed. Unlike *Francis*, the trial court held a hearing regarding Reyes' motion to withdraw. At time of the hearing, Reyes' three no contest pleas were between 10 and 15 years old. During the hearing, Reyes explained that in 2013 he met with a lawyer and learned about the potential negative consequences his pleas could have on his immigration status. While Reyes was aware of the immigration consequences of his pleas in 2013, he waited two years to file his motion to withdraw. Reyes failed to provide any explanation regarding the delay in filing the motion, even though he was aware of the immigration consequences of his convictions. In finding the delay unreasonable, the trial court also referenced Reyes' contact with other courts between the pleas and his motion to withdraw when Reyes was convicted of operating a vehicle under the influence, driving without a license, and driving under suspension.

{¶ 26} Additionally, Reyes' delay in filing the motion to withdraw his no contest pleas

implicates concerns regarding prejudice to the state's ability to proceed with a prosecution. As the Supreme Court stated in *Francis*, "[t]he more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time." *Francis* at ¶ 40. Under these circumstances, where Reyes knew of the immigration consequences of his pleas but waited years to file a motion to withdraw and Reyes did not provide any explanation regarding his delay in filing the motion, we find the trial court did not abuse its discretion in denying the motion. *See State v. Preciado*, 8th Dist. Cuyahoga No. 101257, 2015-Ohio-19, ¶ 24-26 (motion to withdraw untimely where 20 years between plea and motion, 3 years between immigration consequences notice and motion, and failure to explain delay).

{¶ 27} In support of his position that a R.C. 2943.031(D) motion cannot be denied solely on the basis of untimeliness, Reyes points to this court's recent decision where we stated "timeliness is not a reason in and of itself to justify the denial of a withdrawal motion." *State v. Velazquez*, 12th Dist. Butler No. CA2015-05-091, 2016-Ohio-875, ¶ 19, citing *Francis* at ¶ 41. As discussed above, the Supreme Court in *Francis* only held that *under the particular facts* presented, untimeliness was not a sufficient factor to deny the motion. *Francis* does not stand for the proposition that untimeliness *could never* be the basis to deny a motion to withdraw. Further, this statement in *Velazquez* was not intended as a general proposition regarding timeliness, but instead was limited to the specific facts presented. In particular, timeliness was an insufficient reason to deny the motion to withdraw in *Velazquez* when the defendant immediately filed the motion after she learned of the immigration consequences of her plea. Unlike *Velazquez*, timeliness was a sufficient reason to deny the

motion in the case at bar because Reyes waited over two years to file his motion after learning about his pleas' immigration consequences.[1]

**{¶ 28}** Accordingly, in ruling on a R.C. 2943.031(D) motion to withdraw a plea, a trial court may deny the motion solely because the motion was untimely depending on the particular facts presented. In this case, the trial court did not abuse its discretion in denying Reyes' motion to withdraw his no contest pleas pursuant to R.C. 2943.031(D) because it was untimely filed. Consequently, Reyes first, second, and third assignments of error are overruled.

**{¶ 29}** Judgment affirmed.

M. POWELL, P.J. and RINGLAND, J., concur.

---

1. Further, the two cases cited in *Velazquez* in support of the timeliness conclusion are also factually distinguishable from the case at bar. *See State v. Contrears*, 6th Dist. Huron No. H-10-024, 2011-Ohio-4736, ¶ 3 (no delay in filing motion); *State v. Schlaf*, 8th Dist. Cuyahoga No. 90825, 2008-Ohio-6151, ¶ 5 (delay due to incorrect legal advice).