[Cite as *State v. Walker*, 2017-Ohio-511.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-1107 |
| | | (C.P.C. No. 03CR-1550) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Francis P. Walker, | : | |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on February 14, 2017

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert*.

**On brief:** *Muchnicki & Bittner, LLP*, and *Amy M. Bittner*, for appellant. **Argued:** *Amy M. Bittner*.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶1} Francis P. Walker, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court denied his motion to withdraw his guilty plea.

{¶2} Appellant is not a citizen of the United States of America ("U.S."). He is a Liberian citizen. He entered the U.S. legally in 1986 via a student visa. He was approved for Temporary Protected Status ("TPS") in 1989, which allowed him to live and work in the U.S. He applied for asylum in 1991, but his application remained pending. An application for employment authorization, dated October 9, 2002 and approved in

February 2003, indicated that to be eligible for TPS he could not be convicted of any felony committed in the U.S.  Appellant signed the application.

{¶3}    On March 7, 2003, appellant was indicted for aggravated burglary, a first-degree felony, based on a domestic dispute occurring February 26, 2003. On April 28, 2003, appellant pled guilty to the lesser-included offense of burglary, a fourth-degree felony. On the guilty plea form, appellant indicated he was not a U.S. citizen.  The form did not include any warning that his guilty plea could affect his immigration status. Furthermore, it is undisputed that at no stage of the proceedings did the trial court warn appellant that his plea of guilty to a felony could affect his immigration status, as required by R.C. 2945.031.

{¶4}    On August 26, 2003, the trial court sentenced appellant to two years of community control and ordered restitution in the amount of $569. On September 28, 2007, the trial court terminated community control based on appellant's completion of all terms of the sentence.

{¶5}    In July 2012, the U.S. government sent a letter to appellant's counsel indicating it intended to deny appellant's most recent October 2011 application for employment authorization. The letter included information regarding "Deferred Enforced Departure" ("DED"), and indicated that appellant's fourth-degree felony conviction made him ineligible for TPS and, subsequently, ineligible for DED.  The letter also referenced a prior February 2012 notice of intent to deny the October 2011 application for employment authorization which requested him to submit court dispositions for arrests in 2003.

{¶6}    In January 2014, the government indicated in a motion to re-calendar that appellant was placed into removal proceedings in December 2002, but it was administratively closed on October 1, 2003, because appellant's application for TPS was approved. The government indicated that, however, appellant was no longer eligible for TPS and requested the immigration court re-calendar the proceedings.  In February 2014, the immigration court granted the government's motion to re-calendar. A notice letter from the government indicated that appellant's removal hearing in immigration court was postponed until February 2018.

{¶7}    On April 29, 2014, appellant filed a motion to withdraw his guilty plea arguing the trial court failed to warn him of the potential effect of pleading guilty on his

immigration status. On August 15, 2014, the trial court denied the motion without a hearing finding that appellant failed to show he was prejudiced by the court's failure to warn him of the possible immigration consequences of his guilty plea, and appellant's motion was untimely.

{¶8}    Appellant appealed the trial court's judgment asserting the trial court erred when it denied his motion to withdraw guilty plea and failed to hold an evidentiary hearing.    In *State v. Walker*, 10th Dist. No. 14AP-723, 2015-Ohio-1240, this court reversed the trial court's judgment and remanded the matter. We sustained appellant's assignment of error that the trial court erred when it failed to hold an evidentiary hearing, and found moot appellant's assignment of error that the trial court erred when it denied his motion to withdraw guilty plea. We ordered the trial court to "conduct an evidentiary hearing on the issue of whether the burglary conviction may result in [appellant] being subject to deportation." *Id.* at ¶ 10.

{¶9}    On remand, the parties agreed to waive oral hearing. On November 10, 2015, the trial court denied appellant's motion to withdraw. The court found the following: (1) appellant's motion should be denied because it was untimely, (2) plaintiff-appellee, State of Ohio, would be severely prejudiced by granting the motion to withdraw, and (3) appellant failed to meet his burden of demonstrating that the old, underlying fourth-degree felony conviction may result in his being subject to deportation. Appellant appeals the judgment of the trial court, asserting the following assignments of error:

> [I.] The trial court erred in finding that Mr. Walker's conviction for Burglary, a fourth-degree felony, is not a criminal conviction that **may** result in Mr. Walker's deportation from the United States.
>
> [II.] Mr. Walker's motion to withdraw his guilty plea pursuant to the trial court's failure to comply with O.R.C. § 2943.031 was erroneously denied by the court below based on timeliness and prejudice to the state.

(Emphasis sic.)

{¶10}   We address appellant's second assignment of error first, as it is dispositive of the entire appeal.   In this assignment of error, appellant argues the trial court erred when it denied his motion to withdraw his guilty plea based on timeliness and prejudice.

{¶11} R.C. 2943.031(A) provides, in pertinent part:

[P]rior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor * * *, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

"If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

{¶12} R.C. 2943.031(D) provides the remedy for non-compliance with this advisement requirement:

Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

{¶13} We review a trial court's decision regarding a motion to withdraw a guilty plea under an abuse of discretion standard. *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 32. "At the same time," however, "when a defendant's motion to withdraw is premised on R.C. 2943.031(D), the standards within that rule guide the trial court's exercise of discretion." *Id.* at ¶ 33. "[A] defendant seeking relief under R.C. 2943.031(D) must make his or her case before the trial court under the terms of that statute," then "the trial court must exercise its discretion in determining whether the statutory conditions are met." *Id.* at ¶ 36.

{¶14} In the present case, the trial court found that appellant's motion was untimely. The court noted that appellant entered his guilty plea in Spring 2003 but did

not file his motion to withdraw his guilty plea until Spring 2014. The court determined it was permitted to address timeliness on remand because the only reason for our reversal in *Walker* was to give appellant an opportunity for a full hearing on the motion, and we never addressed the trial court's prior determination on the issue of timeliness. The trial court found that appellant was placed into removal proceedings as early as December 11, 2002, months before his guilty plea; the record failed to explain exactly when appellant first became aware of his right to petition to have the guilty plea set aside; the government appeared to have notice of his conviction, at the very latest, in February 2012 when it sent him a notice of intent to deny an October 2011 employment authorization submitted by appellant; appellant's 2002 application for TPS warned applicants about the risk of having been convicted of a felony, and appellant was required to complete such paperwork annually; appellant failed to explain when he retained immigration lawyers; appellant's affidavit failed to explain his many years of delay in seeking to vacate his plea; and his delay seemed to be the result of the fact that he benefited greatly from a favorable plea agreement, and he was reluctant to nullify it.

{¶15}  In his current appeal, appellant first argues the issue of timeliness was not relevant to the issue of whether his conviction may subject him to deportation, which was the basis for this court's remand in *Walker*. Appellant contends that if he were able to establish that his guilty plea may result in his deportation, his guilty plea must be withdrawn, regardless of timeliness. He asserts that only if there is some warning of immigration consequences given at the time of the guilty plea may the trial court exercise discretionary consideration to determine whether there was substantial compliance with R.C. 2943.031(A) and consider the timeliness issue, citing *Francis*.

{¶16}  The state counters that *Francis* makes clear that trial courts have discretion to consider the timeliness of a motion in addition to the requirements of R.C. 2943.031(D), and the Supreme Court of Ohio never held that timeliness could be considered only if the trial court gave some warning of immigration consequences, as appellant asserts. The state also notes the trial court could properly address the timeliness issue on remand, as this court held only that the trial court should have had a hearing on whether appellant established prejudiced under R.C. 2943.031(D) and held as "moot for

now" the ultimate issue of whether the trial court abused its discretion in denying the motion. *Walker* at ¶ 11.

{¶17} We agree with the state. The court in *Francis* discussed the "requirement" of timeliness:

> We reject appellant's argument that timeliness of the motion cannot ever be a factor in an R.C. 2943.031(D) consideration. Timeliness of the motion is just one of many factors the trial court should take into account when exercising its discretion in considering whether to grant the motion. The more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time. It is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time.
>
> However, at the same time, we also do not accept the court of appeals' determination that, as a matter of law, untimeliness here was a sufficient factor in and of itself to justify the trial court's decision to deny the motion. In light of the strong policy expressed within R.C. 2943.031(D), we reject the court of appeals' approach in this regard, particularly when the trial court, which did not explain its ruling, never found that appellant's delay in moving to withdraw the plea was unreasonable. It is too great a leap on this meager record to conclude, with no further inquiry, that appellant's delay in filing the motion was unreasonable as a matter of law.
>
> Depending on the particular facts, untimeliness will sometimes be an important factor in reaching a decision on a motion to withdraw. On the other hand, in some cases even a considerable delay in filing the motion to withdraw will not be a factor supporting denial of the motion, such as when the immigration-related consequences of the plea and resulting conviction did not become evident for some time after the plea was entered. This is not a situation that requires a bright-line rule. As one of many factors underlying the trial court's exercise of discretion in considering the motion to withdraw, timeliness of the motion will be of different importance in each case, depending on the specific facts.

*Id.* at ¶ 40-42.

{¶18} Appellant presents no authority to support his proposition that timeliness is a factor only if some immigration consequences are given. Other courts addressing *Francis* have found that timeliness is a factor to consider even when a trial court did not give any immigration advisement. *See, e.g., State v. Akhtar*, 5th Dist. No. CT2016-0003, 2016-Ohio-7201, ¶ 12-14; *State v. Lein*, 8th Dist. No. 103954, 2016-Ohio-5330, ¶ 12-14; *State v. Reyes*, 12th Dist. No. CA2015-06-113, 2016-Ohio-2771, ¶ 22, 28 (in ruling on an R.C. 2943.031(D) motion to withdraw a plea, consideration of timeliness is not limited to cases where some warning regarding immigration consequences was given at the plea hearing, and a trial court may deny the motion solely because the motion was untimely depending on the particular facts presented); *State v. Alonzo*, 3d Dist. No. 13-15-26, 2016-Ohio-160, ¶ 19 (even assuming, arguendo, that the immigration advisement was not given, the court can still consider timeliness of the motion to withdraw). We concur with these courts, given appellant's failure to present any authority to the contrary. Therefore, we find the trial court could consider the issue of timeliness on remand based on *Francis*. Furthermore, given our remand instructions and our failure to address the issue of timeliness in *Walker*, we find the trial court was not prohibited from addressing timeliness on remand.

{¶19} Appellant next argues that, even if the trial court properly addressed timeliness on remand, it erred when it concluded his motion was not timely filed. In finding appellant's motion to withdraw was untimely filed, the trial court concluded (1) appellant had been placed in removal proceedings as early as December 2002, before his guilty plea in April 2003, (2) the record does not reveal when appellant first became aware of his right to petition to have the guilty plea set aside, although it appears he had notice that his conviction was known to the government no later than February 2012, when the government issued a notice of intent to deny his October 2011 employment authorization and cited his arrests in 2003, (3) appellant's 2002 application for TPS warned him about the risk of having been convicted of any felony, and appellant had to submit such TPS paperwork annually, thereby suggesting that appellant received the same warning annually, (4) little evidence was presented as to the period between 2003 and 2012, (5) it seems appropriate to infer that appellant's legal counsel, if there was any prior to his current immigration attorney, must have warned him about the potential

impact of his felony conviction as soon as he hired legal counsel, (6) appellant's affidavit offered no meaningful explanation for his many years of delay in seeking to vacate the plea, despite his longtime and ongoing dealings with immigration authorities, (7) it is reasonable to infer that, at the time he made his guilty plea in 2003, the plea resulted in a rather favorable outcome for his criminal case, so he delayed withdrawing his plea because of his favorable sentencing terms and took a calculated risk that nothing more would come of the conviction, and (8) he delayed bringing any motion to vacate his plea for over a decade until he could rest assure that the state's evidence was so stale that the 2003 case could never again be prosecuted.

{¶20} Appellant asserts on appeal that his 2003 guilty plea did not result in his being placed into deportation proceedings until February 2014, and the previous deportation proceedings that had been initiated against him in 2002 were administratively closed after he pled guilty to burglary in 2003; thus, he had no reason to file his motion to withdraw until February 2014. He claims that between 2003 and 2014, it seemed he was safe from deportation proceedings and he would have filed his motion to withdraw sooner had the Department of Homeland Security denied his TPS and pursued deportation proceedings against him after his 2003 felony conviction rather than closing the deportation case. He points out that once the deportation proceedings were started in February 2014, he quickly and timely filed his motion to withdraw in April 2014.

{¶21} As explained above, when considering a motion to withdraw a plea based on the court's failure to provide the R.C. 2943.031(A) advisement, the trial court, in its discretion, may take into account many factors, including timeliness and prejudice. *Parma v. Lemajic*, 8th Dist. No. 102620, 2015-Ohio-3888, ¶ 9, citing *Francis* at ¶ 40. In fact, "untimeliness" can be an important consideration for the court in deciding whether to grant or deny a motion to withdraw. *Id.*; *Francis* at ¶ 42. "[T]he concept of 'timeliness' * * * involves more than just the numerical calculation of the number of years between entering the plea and the motion to withdraw the plea. * * * [S]ubsumed within timeliness is the prejudice to the state in terms of stale evidence and unavailability of witnesses." *State v. Lovano*, 8th Dist. No. 100578, 2014-Ohio-3418, ¶ 14 (finding a 19-year lapse between the plea and the motion to withdraw the plea "an exceptionally lengthy lapse of time," resulting in the probability of stale evidence and witness unavailability).

{¶22} We agree with the trial court that appellant's motion was untimely and find appellant's arguments unavailing. Although appellant contends that his 2003 guilty plea did not result in his being placed into deportation proceedings until February 2014, the trial court found he had notice that his conviction was known to the government no later than February 2012, when the government issued a notice of intent to deny his October 2011 employment authorization and cited his arrests in 2003. Thus, his being placed into deportation proceedings in February 2014 is not the relevant date to determine when appellant knew that his conviction placed him at risk of deportation. Given the notice of intent to deny his October 2011 employment authorization, appellant's argument that he believed he was safe from deportation proceedings between 2003 and 2014 was not well-founded or reasonable.

{¶23} Furthermore, at the absolute latest, appellant was aware that his felony conviction could affect his immigration status when the government informed him in the July 2012 letter that TPS had been denied. Thus, approximately 21 months elapsed from the time appellant unmistakably knew that his immigration status was affected by his felony conviction in July 2012 until he filed his motion to withdraw in April 2014. Nowhere in the record does appellant explain why he let such a long time pass before seeking to withdraw his guilty plea.

{¶24} The trial court also noted that appellant's 2002 application for TPS warned him that a felony conviction posed a risk of deportation, and appellant had to submit such annually. Therefore, these circumstances suggest that appellant was aware that his 2003 felony put him at risk of deportation long before he was placed into deportation proceedings in February 2014. However, he apparently chose to take the chance that the government would either not discover or not take any action on the felony conviction, and his decision turned out to be incorrect. In the meantime, while appellant bided his time with knowledge that he could face deportation at anytime based on the lingering felony conviction, the evidence in his case grew stale and witnesses' memories faded, thereby decreasing the odds of a successful motion to withdraw due to these factors. Although appellant asserts the trial court made improper inferences in the above findings, along with its inference that any immigration attorneys he retained from 2003 to 2012 would have surely warned him of the immigration consequences, without definite supporting

evidence, the trial court's extrapolations were logical and based on a reasonable interpretation of the circumstantial evidence.

{¶25} Therefore, at the earliest, appellant was aware that his felony plea could affect his immigration status near the time of his plea, based on the annual applications for TPS that appellant was required to submit. At the latest, appellant was aware that his immigration status had been affected in July 2012. We find no error with the trial court's finding that a delay of 13 years was unreasonable under the circumstances, and, likewise, even a 21-month delay is substantial and was unreasonable given the lack of any explanation therefor. Notwithstanding a purely numerical analysis of elapsed years, we also find the trial court did not err given the surrounding circumstances sufficiently evince that appellant had ample opportunity to file his motion to withdraw much sooner than he did. The evidence, as set forth above, strongly suggests that appellant was aware of the risk that his felony conviction posed to his immigration, but he chose to wait in hopes that the risk would pass without consequence. In waiting, evidence grew stale, witnesses became unavailable, and memories faded. Based on all of the above factors and evidence, we find the trial court did not err when it denied appellant's motion to withdraw his guilty plea. We overrule appellant's second assignment of error. Given our finding that the trial court did not err when it denied appellant's motion to withdraw based on untimeliness, appellant's first assignment of error is rendered moot.

{¶26} Accordingly, appellant's second assignment of error is overruled, his first assignment of error is rendered moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER, J., concurs.
BRUNNER, J., dissents.
_____