[Cite as *State v. Robinson*, 2017-Ohio-2715.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                   :

    Plaintiff-Appellee,                       :                    CASE NO.   CA2016-08-164

                                                  :                    O P I N I O N
- vs -                                                                    5/8/2017

                                                  :

CORPORAN A. ROBINSON,                   :

    Defendant-Appellant.                  :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2007-03-0399


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Michael R. Haas, 404 East 12th Street, 2nd Floor, Cincinnati, Ohio 45202, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Corporan Robinson, appeals a decision from the Butler County Court of Common Pleas denying his motion to withdraw his guilty plea. For the reasons stated below, we affirm the decision of the trial court.

{¶ 2} Robinson is a native of the Dominican Republic and a citizen of Spain. In 2007, Robinson pled guilty to one count of possession of marijuana in violation of R.C. 2925.11, a

fifth-degree felony, and he was placed on community control.

{¶ 3} On April 1, 2016, Robinson moved to withdraw his guilty plea pursuant to R.C. 2943.031(D). Robinson alleged that he had not been informed of the immigration consequences of his plea because he was not provided an interpreter at the plea hearing.

{¶ 4} The trial court held a hearing regarding Robinson's motion. At the hearing, Robinson admitted that an interpreter was present at the plea hearing. However, he maintained that the record was insufficient to establish that the interpreter was properly credentialed or under oath at the plea hearing. Robinson also maintained that his trial counsel failed to advise him of the immigration consequences of his guilty plea.

{¶ 5} The trial court denied Robinson's motion. Robinson now appeals the decision of the trial court, raising a single assignment of error for review:

{¶ 6} THE TRIAL COURT ERRED IN OVERRULING DEFENDANTS MOTION TO VACATED WHEN THE STATES FAILED TO SHOW THAT AN INTERPRETER HAD BEEN SWORN IN AND WAS CERTIFIED TO PROVIDE INTERPRETATION UNDER THE RULES OF THE STATE OF OHIO. [sic]

{¶ 7} In his sole assignment of error, Robinson argues the trial court erred by denying his motion to withdraw his guilty plea. We find Robinson's assignment of error is without merit.

{¶ 8} An appellate court reviews a trial court's decision on a motion to withdraw a plea filed pursuant to R.C. 2943.031(D) for an abuse of discretion. *State v. Reyes*, 12th Dist. Butler Nos. CA2015-06-113, CA2015-06-114, and CA2015-06-115, 2016-Ohio-2771, ¶ 14. The extent of the trial court's discretion is dependent upon the basis for the withdrawal motion. When the movant is a United States citizen, the trial court's discretion is confined to the manifest-injustice standard contained in Crim.R. 32.1. *State v. Velazquez*, 12th Dist. Butler No. CA2015-05-091, 2016-Ohio-875, ¶ 6. Where, as here, the movant is a noncitizen

filing for relief under R.C. 2943.031(D), the standards contained within the statute govern the trial court's decision. *Id.*

{¶ 9} R.C. 2943.031(A) requires that a trial court personally address a defendant and advise him or her of certain immigration consequences before accepting a guilty or no contest plea. These consequences include the possibility of deportation, exclusion from admission to the United States, and the denial of naturalization. R.C. 2943.031(A). The trial court is tasked with ensuring that the defendant understands these potential consequences prior to accepting the plea. *Id.* If the statutory requirements are not met, a defendant may seek relief under R.C. 2943.031(D) and withdraw the guilty plea.

{¶ 10} Robinson claims that the record fails to demonstrate that he was provided a certified interpreter to assist him in understanding the consequences of his guilty plea. Robinson also claims that his interpreter was not under oath. Pursuant to R.C. 2311.14(B):

> Before entering upon official duties, the interpreter shall take an oath that the interpreter will make a true interpretation of the proceedings to the party or witness, and that the interpreter will truly repeat the statements made by such party or witness to the court, to the best of the interpreter's ability.

{¶ 11} In addition, Robinson cites the Rules of Superintendence, specifically, Sup.R. 80-89 relating to the use of interpreters. Sup.R. 88(A) requires a court to appoint a Supreme Court certified foreign language interpreter when such is necessary to allow a witness or party to participate in the proceedings in a meaningful way. Sup.R. 88(D) requires that any appointed interpreter be certified except under limited circumstances. Sup.R. 81-85 addresses the requirements and process for certification, while Sup.R. 84 expressly notes that interpreters shall be subject to the "Code of Professional Conduct for Court Interpreters and Translators."

{¶ 12} Based on our review, we find the trial court did not err by denying Robinson's motion to withdraw his guilty plea. Initially we note that the record plainly establishes that

Robinson was provided an interpreter and the trial court advised Robinson of the required immigration consequences under R.C. 2943.031(A).[1] There is no evidence that the interpreter lacked proper certification or was not placed under oath. Absent any evidence to the contrary, this court will presume the regularity of the proceedings below. Moreover, the record contradicts Robinson's claims that the interpreter was not sworn in. Following a recess, the following transpired:

> [PROSECTOR]: We're recalling State of Ohio versus Corporan Robinson, Case Number 07-03-0399. The interpreter was previously sworn and we are in the process of taking (indiscernible).
>
> THE COURT: Okay. [Robinson's trial counsel], the Court granted you a recess. I believe we broke right after I had discussed with your client, because he is a resident of the United States and not a citizen of the United States, what may happen as a result of this plea. Now, have you had an opportunity to discuss the implications of his plea on the residence status?
>
> [ROBINSON'S TRIAL COUNSEL]: We discussed that, Your, Honor.
>
> THE COURT: Okay. Now, Mr. Robinson, the Court has indicated to you the possible consequences of your plea as far as your status here in the United States. Do you still wish to enter are [sic] a plea?
>
> THE DEFENDANT: Yes.

While the record reflects that the prosecutor is the individual who stated on record that the interpreter was sworn in, there was no objection from Robinson's trial counsel or indication to the contrary from the trial court.

{¶ 13} Robinson essentially asks this court to ignore the record and engage in speculation in order to vacate a plea that was made more than nine years ago. Simply, the

---

1. Despite Robinson's initial insistence otherwise, the record does reflect that Robinson was appointed a interpreter. Besides the transcript of proceedings referencing the interpreter, there was also a docket entry approving the interpreter's fee.

facts and circumstances surrounding this case provide no indication of any irregularity in the proceedings nor any indication that Robinson did not fully understand the immigration consequences of his plea. With the assistance of an interpreter, Robinson was advised of the required notifications and his trial counsel confirmed that he had also advised Robinson of the plea consequences. Accordingly, we find the trial court did not err by denying Robinson's motion to withdraw his guilty plea. Robinson's sole assignment of error is without merit.

{¶ 14} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.